JUSTICE HEIPLE
 

 delivered the opinion of the court:
 

 Following a jury trial, the defendant, Linda Allen, was found guilty of criminal trespass to property resulting from her participation in an antinuclear demonstration at Commonwealth Edison’s La Salle County Nuclear Station. The court sentenced the defendant to a seven-day term of imprisonment as a condition of one year’s probation and a $200 fine plus costs. On appeal, the defendant argues that the court improperly sentenced her to a term of imprisonment. We affirm.
 

 The defendant contends that at the sentencing hearing, the trial court improperly considered certain evidence as aggravating factors. In particular, the State was permitted to show that the actions of the defendant and her companions cost Commonwealth Edison several thousand dollars in overtime wages and resulted in substantial inconvenience to several hundred employees who were unable to leave because the demonstrators had blocked the roads to the plant.
 

 According to the defendant, our statutes do not permit courts to consider such “relatively minor inconveniences” as aggravating factors. No authority is cited for this proposition.
 

 It is true that the legislature has decided that certain statutory factors are to be given weight in determining whether a more severe sentence should be imposed. (Ill. Rev. Stat. 1981, ch. 38, par. 1005 — 5—3.2.) But it is incorrect to say that a trial court may not consider nonstatutory factors in aggravation.
 

 A hearing in aggravation and mitigation is an inquiry into pertinent facts and circumstances which will enable the trial judge to exercise his discretion in determining the length of sentence. The court is not bound by the usual rules of evidence but may search anywhere within reasonable bounds for other facts tending to aggravate or mitigate the sentence. People v. Jackson (1980), 89 Ill. App. 3d 461, 483.
 

 In trespassing upon Commonwealth Edison property, it was the objective of the defendant and her companions to obstruct, or at least interfere with, the operation of the power plant. Therefore, the expense and inconvenience caused to Commonwealth Edison and its employees were relevant factors to be considered by the court in passing sentence.
 

 The defendant next argues that her sentence is not in proportion to the offense as required by the Illinois Constitution. Ill. Const. 1970, art. I, sec. 11.
 

 The defendant was convicted of a Class C misdemeanor which carried a maximum sentence of 30 days’ imprisonment. Thus, the court’s sentence of seven days’ imprisonment is well within the permissible sentencing range. The determination and imposition of a sentence is a matter involving considerable judicial discretion and the standard of review to be applied in determining whether a sentence is excessive is whether the trial judge abused his discretion in imposing sentence. People v. La Pointe (1981), 88 Ill. 2d 482.
 

 At her sentencing hearing, the defendant stated that she was proud of what she had done and only regretted that the plant had not been shut down permanently. She also indicated that she would continue to work to shut down the plant. Before imposing sentence, the trial judge noted the defendant’s pride in what she had done and her lack of remorse. The judge concluded that he was unable to say that the defendant’s activities would not happen again. Based on this record, the trial judge did not abuse his discretion in sentencing the defendant to seven days in jail. For this court to modify the sentence would be to substitute judicial clemency for the trial court’s considered judgment. People v. Barnett (1972), 7 Ill. App. 3d 185.
 

 The judgment of the circuit court of La Salle County is affirmed.
 

 Affirmed.
 

 STOUDER, P.J., and ALLOY, J., concur.