THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH ZEHR, Defendant-Appellant.

Third District   No. 3—85—0233

Opinion filed May 30, 1986.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

In 1981, following a jury trial, the defendant, Kenneth Zehr, was convicted of home invasion, burglary, and aggravated battery. On appeal, however, the defendant's convictions were reversed and remanded for a new trial. *People v. Zehr* (1982), 110 Ill. App. 3d 458, 442 N.E.2d 581, *aff'd* (1984), 103 Ill. 2d 472, 469 N.E.2d 1062.

In 1985, the defendant was again tried by a jury, and was again convicted of all charges. He was sentenced to concurrent terms of 20 years for home invasion, 6 years for burglary, and 3½ years for aggravated battery.

The defendant raises a number of issues on appeal, the first of which is that the trial court abused its discretion in permitting the use of a videotaped evidence deposition of the complaining witness, Mrs. Hazel Fox, at the trial. We disagree.

At the first trial, Mrs. Fox' physician, Dr. Anton Geiger, testified concerning Mrs. Fox' physical condition. In his opinion, Mrs. Fox would never be able to testify in person at the defendant's trial.

Based on this, the trial court found the witness to be unavailable and allowed the admission of the videotaped deposition. On appeal, the supreme court found no abuse of the trial court's discretion to determine whether to permit the use of the videotaped deposition. *People v. Zehr* (1984), 103 Ill. 2d 472, 469 N.E.2d 1062.

In the instant case, on nearly identical facts, the trial court found Mrs. Fox to be unavailable for trial and allowed the use of the videotaped deposition. On three occasions from April 1984 to January 1985, a new physician, Dr. Charles Waldron, examined Mrs. Fox in Arizona, where she had since moved. Dr. Waldron testified that Mrs. Fox complained of chest pains occurring regularly. His examination of her revealed her to be suffering from arteriosclerosis. He testified that her condition had neither improved nor worsened much in the last few years. In his opinion, if Mrs. Fox had to testify, she would probably suffer further chest pains and possibly cause injury to her heart. Dr. Waldron believed it unlikely that Mrs. Fox could take a three-hour plane trip from Arizona without any detriment to her health. On these facts, we find that the trial court did not abuse its discretion in permitting the use of the videotaped deposition.

■ The defendant's second argument, raised for the first time on appeal, is that the prosecutor's cross-examination of the defendant and closing argument comments about the defendant's silence at arrest amounted to prejudicial error.

The general rule is that where a defendant fails to preserve an issue for review, he waives that issue on appeal. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) However, the waiver rule may be relaxed where the evidence is closely balanced, or if the error deprives the defendant of a fair trial. *People v. Szabo* (1983), 94 Ill. 2d 327, 447 N.E.2d 193.

■ The evidence of guilt in this case is not closely balanced. Both the victim of the crime and the defendant's codefendant positively identified the defendant as one of the perpetrators of the crime. A number of items taken from the victim's home during the crime were found in the defendant's possession. Further, the defendant admitted being in the vicinity of the crime on the night it was committed.

■ Neither was any arguable error so great that it deprived the defendant of a fair trial. Use of a defendant's post-arrest silence to impeach his exculpatory story told for the first time at trial can be harmless error. (*People v. Beller* (1979), 74 Ill. 2d 514, 386 N.E.2d 857.) Considering the substantial evidence of the defendant's guilt, we are satisfied that any error in the prosecutor's questions on cross-examination and his comments on closing did not contribute to the

defendant's conviction.

Based on our two-pronged analysis, we find that the defendant has waived for consideration on appeal the issue of the use of his silence at arrest.

■ The third issue presented by the defendant is that the trial court contravened the proscription against *ex post facto* laws by applying a new statutory factor in aggravation in sentencing the defendant; and therefore his cause should be remanded for resentencing. We disagree.

At sentencing, a trial court may consider, as an aggravating factor of the crime, that the victim was 60 years of age or over. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a)(8).) The defendant argues that because this statutory factor was not in existence until added in 1984 by Public Act 83—432, the consideration of this factor in sentencing the defendant violated the proscription against *ex post facto* laws.

For a criminal or penal law to be *ex post facto*, and thus its application to be forbidden, it must be retrospective, that is, it must apply to events which occurred before its enactment, and it must be disadvantageous to the offender affected by it. (*Weaver v. Graham* (1981), 450 U.S. 24, 67 L. Ed. 2d 17, 101 S. Ct. 960.) We find that the sentencing court's use of the victim's age was neither retrospective nor disadvantageous to the offender.

■ A trial court, when sentencing a defendant, may consider nonstatutory factors in aggravation. (*People v. Allen* (1983), 119 Ill. App. 3d 845, 457 N.E.2d 77.) The court's use of the victim's age as an aggravating factor did not depend on the existence of the statutory factor. Because the trial court could have considered the victim's age in aggravation with or without the statutory factor, the court's consideration of that factor, *albeit* with reference to the statute enacted after the offense, constituted no retrospective application of a law in violation of the *ex post facto* proscription. We therefore find no reason to remand for resentencing.

■ Finally, the defendant argues that his convictions for burglary and aggravated battery must be vacated. Specifically, he contends that those convictions are based on the same physical act as the home invasion conviction, in violation of the prohibition against multiple convictions for the same physical act. To consider this argument, we outline the relevant facts.

Mrs. Fox testified that she saw the defendant and another man in her basement on the night in question. After the other man knocked her glasses off, the defendant tied her wrists, knocked her to the floor, tied her ankles, and gagged her. Following this, the defendant

repeatedly pulled on her gag and bindings, and repeatedly pushed her head into a pile of clothing in order to smother her. He then went upstairs to ransack the house on four occasions, returning each time to Mrs. Fox to pull on her gag and bindings and to smother her in the clothes.

The supreme court has stated that multiple convictions are prohibited where more than one offense is carved from the same physical act, or where the offense, or offenses, are by definition, lesser included offenses. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) Multiple convictions and concurrent sentences are permitted where a defendant has committed several acts, despite the interrelationship of those acts. (66 Ill. 2d 551, 566, 363 N.E.2d 838.) In this analysis, the term "act" means any overt or outward manifestation which will support a different offense. 66 Ill. 2d 551, 566, 363 N.E.2d 838.

We have held that burglary is not a lesser included offense of home invasion. (*People v. Lobdell* (1983), 121 Ill. App. 3d 248, 459 N.E.2d 260.) This is because burglary can be completed upon the defendant's unlawful entry with the requisite felonious intent; while the home invasion is not completed until the defendant uses or threatens force or intentionally causes injury after unlawful entry. *People v. Snow* (1984), 124 Ill. App. 3d 955, 464 N.E.2d 1262.

In the case at bar, the evidence shows that the burglary was completed when the defendant entered Mrs. Fox' home. The home invasion was not completed until, following the unlawful entry, the defendant injured Mrs. Fox. We find the evidence to be sufficient to support both the burglary and the home invasion convictions.

We also find that the evidence supports separate convictions for aggravated battery and home invasion. It has been held that aggravated battery is not an included offense of home invasion. (*People v. Tate* (1982), 106 Ill. App. 3d 774, 436 N.E.2d 272.) In *Tate,* the defendant was convicted of aggravated battery and home invasion after he unlawfully entered the victim's home and stabbed the victim once. The court, in affirming the defendant's convictions, stated that the stabbing constituted a single act, while the entry into the victim's home was a separate act.

This case is even more clear than *Tate.* As noted earlier, the defendant unlawfully entered the victim's home, tied her up, attacked her, and then returned four separate times to attack her again. Further, unlike in *People v. Gorney* (1985), 136 Ill. App. 3d 878, 483 N.E.2d 1298, on which the defendant relies, there were sufficient separate acts to support the convictions for aggravated battery and home

invasion. We therefore will not vacate the burglary and aggravated battery convictions.

Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.