HOMER HANRAHAN, Plaintiff-Appellant, v. PAUL J. KLINCAR, Chairman, Illinois Prisoner Review Board, *et al.*, Defendants-Appellees.

Fifth District   No. 5—87—0232

Opinion filed March 25, 1988.

Homer Hanrahan, of Menard, for appellant *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Judith H. Schlessinger, Assistant Attorney General, of counsel), for appellees.

JUSTICE WELCH delivered the opinion of the court:

This cause is before us on appeal from a judgment of the circuit court of Randolph County, dismissing without a hearing appellant's petition for writ of *mandamus*. Appellant, Homer Hanrahan, is incarcerated in the Menard Correctional Center, serving concurrent terms of imprisonment of 50 to 100 years for murder, 3 to 10 years for aggravated battery and 20 to 40 years for aggravated kidnapping. On September 17, 1986, he filed in the circuit court of Randolph County a complaint pursuant to section 14—101 *et seq.* of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 14—101 *et seq.*), seeking a writ of *mandamus* directed to appellees Paul J. Klincar, chairman of the Illinois Prisoner Review Board, Richard M. Daley, Cook County State's Attorney, and Michael Angarola, Cook County assistant State's Attorney. The complaint alleged that Richard M. Daley and Michael Angarola had submitted letters containing false statements to the Prisoner Review Board (hereinafter the Board), protesting appellant's parole; that the Board had relied on these false statements in denying appellant parole; that the Board had withheld from appellant certain evidence considered by it in reaching its decision; and that a new statute requiring a majority vote of the Board to grant parole to one convicted of murder constitutes an *ex post facto* law and that the Board's reliance thereon deprived appellant of due process of law. The complaint sought the issuance of a writ of *mandamus* compelling the Board to disclose all documents and evidence considered by it in rendering its decision; compelling Richard M. Daley and Michael Angarola to retract their letters protesting appellant's parole; and compelling the Board to schedule an immediate rehearing for consideration of appellant's release on parole.

Appellees, through the Attorney General of the State of Illinois, filed an answer seeking denial of the petition. Appellant filed a reply to the answer, as allowed by section 14—104 (Ill. Rev. Stat. 1985, ch. 110, par. 14—104). On March 13, 1987, the court, after examining all of the pleadings, entered its order dismissing appellant's complaint for the reasons set forth in appellees' answer. No hearing was held on the petition, and no evidence was adduced thereon.

Appellant argues on appeal that the trial court erred in dismissing his petition because the Board improperly considered a letter from the Cook County State's Attorney which contained false and prejudicial statements, including reference to a purported statement of his son, Michael Hanrahan, which had been ruled inadmissible at appellant's trial. Appellant also argues that the State's Attorney's letter is the "statement of facts" required to be filed by the State's Attorney at

the time of appellant's commitment to the Department of Corrections by section 5—4—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(d)). He argues that because it was not filed until almost seven years after his commitment, it should not have been considered by the Board.

We find that the trial court properly dismissed appellant's petition as a matter of law with respect to this issue. Clearly, the letter of the State's Attorney was not the statement of facts required to be filed by section 5—4—1(d) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(d)). Instead, the State's Attorney's letter was properly submitted pursuant to section 3—3—4(7)(e) (Ill. Rev. Stat. 1985, ch. 38, par. 1003—3—4(7)(e), which requires notice of the parole hearing to the State's Attorney and authorizes him to submit relevant information to the Board for its consideration and authorizes the Board to consider any material or testimony submitted by the State's Attorney.

With respect to appellant's argument that the State's Attorney's letter contained false statements and a reference to a purported statement of his son which had been ruled inadmissible at appellant's trial, we point out that the Board has wide discretion with respect to materials it may consider in rendering its parole decision. It may consider documents despite the knowledge that they may contain hearsay or may contain information bearing no relation to the crime with which the defendant is charged. (*Walker v. Prisoner Review Board* (N.D. Ill. 1984), 594 F. Supp. 556, 559.) The same evidentiary standards that applied at appellant's trial do not apply at his parole hearing. Thus, that the purported statement of Michael Hanrahan was ruled inadmissible at appellant's trial does not mean that it cannot be considered by the Board at appellant's parole hearing. Furthermore, consideration by the Board of the State's Attorney's letter is specifically authorized by statute. (Ill. Rev. Stat. 1985, ch. 38, par. 1003—3—4.) The important thing is that appellant be given an opportunity to dispute the allegedly false statements. (*Walker,* 594 F. Supp. at 559.) Appellant admits in his petition that he appeared before a panel of the Board, that he was specifically questioned about the letter, and that he explained "the truth of those matters." Thus, appellant was given ample opportunity to rebut the allegedly false statements of the State's Attorney.

Appellant argues that he was unduly prejudiced despite his opportunity to dispute the State's Attorney's statements because "[i]t is inherent in the minds of the PRB members that the State's Attorney is truthful, while the inmate is untruthful." We do not agree that this is so. An administrative agency is well able to judge the credibil-

ity of witnesses and its findings of fact are held to be *prima facie* true and correct. If the issue is merely one of conflicting testimony and credibility of witnesses, the agency's determination is deemed correct. (*Batley v. Kendall County Sheriff's Department Merit Comm'n* (1981), 99 Ill. App. 3d 622, 628, 425 N.E.2d 1201, 1206.) The trial court properly dismissed appellant's petition as a matter of law with respect to this issue.

Appellant's second argument on appeal is that the amendment to section 3—3—2(a)(2) of the Unified Code of Corrections changing the number of Board members required to make parole decisions for inmates convicted of murder from three members to a majority of the full board constitutes an *ex post facto* law. (Ill. Rev. Stat. 1985, ch. 38, par. 1003—3—2(a)(2).) The law in effect at the time appellant committed the crimes for which he is incarcerated required that parole determinations be made by "a panel of at least 3 members." (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—2(a)(2).) The law in effect at the time of appellant's parole hearing required that, in the case of prisoners sentenced for murder or who received a minimum sentence of 20 years, parole determinations be made by a majority vote of the entire Board. (Ill. Rev. Stat. 1985, ch. 38, par. 1003—3—2(a)(2).) The entire Board has at all times consisted of 10 members.

Appellant argues that the change in the law makes it more difficult for prisoners convicted of murder to obtain parole because it requires a greater quantity of proof of fitness for parole. Therefore, he argues, the trial court erred in dismissing his petition for writ of *mandamus* with respect to this issue. We disagree.

■ The United States and Illinois Constitutions prohibit the State from passing any *ex post facto* laws. (U.S. Const., art. I, §10; Ill. Const. 1970, art. I, §16.) An *ex post facto* law has been described as any statute which makes criminal a theretofore innocent act, aggravates a crime previously committed, provides greater punishment, or changes the proof necessary to convict. (*Dobbert v. Florida* (1977), 432 U.S. 282, 292, 53 L. Ed. 2d 344, 356, 97 S. Ct. 2290, 2298.) Thus, an *ex post facto* law is criminal legislation which operates retroactively to the disadvantage of the party affected, or which alters any substantial right of the affected party to his detriment. *Harris v. Irving* (1980), 90 Ill. App. 3d 56, 59, 412 N.E.2d 976, 978.

■ We do not believe that the change in section 3—3—2(a)(2) constitutes an *ex post facto* law. It is clear that the Board has had, at all times, the discretion to make parole determinations by a panel of more than three members. The 1973 version of the statute simply set a minimum number of required Board members; the Board has always

had the discretion to make a given parole determination *en banc*, even at the time appellant committed the crimes for which he is incarcerated.

We find this case to be analogous to *People v. Zehr* (1986), 143 Ill. App. 3d 875, 493 N.E.2d 727, in which a defendant argued that considering the victim's age as a statutory aggravating factor at his sentencing hearing violated the proscription against *ex post facto* laws because the victim's age had not been a statutory aggravating factor at the time the defendant committed the crime. The appellate court held that consideration of the victim's age did not depend on the existence of the statute because a court had always been able to consider nonstatutory aggravating factors, including the victim's age. Thus, consideration of that factor, *albeit* with reference to the statute enacted after commission of the offense, constituted no retrospective application of a law in violation of the *ex post facto* proscription.

■ In any event, the change in section 3—3—2(a)(2) is merely procedural and does not disadvantage appellant in any substantial right. The *ex post facto* prohibition has no application to changes which are merely procedural (*People v. Sias* (1980), 91 Ill. App. 3d 1095, 1102, 415 N.E.2d 618, 623) or which do not disadvantage the defendant in a substantial right (*Harris v. Irving* (1980), 90 Ill. App. 3d 56, 412 N.E.2d 976). Therefore, we find that the trial court did not err in dismissing appellant's petition as a matter of law with respect to this issue.

■■ ■ Appellant's final argument on appeal is that he was denied access to certain evidence considered by the Board in reaching its decision. Among the documents to which he alleges he was denied access are a 1986 letter from the Cook County assistant State's Attorney protesting his parole, his parole plan prepared by his counsellor, other institutional or departmental reports, presentence reports, clinical evaluation reports, medical or psychiatric reports, documents pertaining to the parole hearing of his son, Michael Hanrahan, and a summary of statements made to the Board by a Cook County assistant State's Attorney.

Neither party directs us to any statutory authority requiring that a parole candidate have access to all evidence considered by the Board in reaching its decision, and we are aware of none. However, the administrative rules of the Prisoner Review Board do require that an inmate be allowed to review his file either prior to, or at the time of, his parole hearing, with certain exceptions. Section 1610.30(b) of the Prisoner Review Board Rules provides:

"(1) The inmate shall have access to all evidence considered by

the Board unless the evidence is specifically found to:

(A) Include information which, if disclosed, would damage the therapeutic relationship between the inmate and a mental health professional;

(B) Subject any person to the actual risk of physical harm.

(C) Threaten the safety or security of the Department or an institution.

(2) An inmate who wishes to review a document submitted to the Board which bears the signature of a mental health or clinical services employee of the Department of Corrections must request that review through the Department of Corrections pursuant to Department Regulations ***. The Board will not provide direct access to any documents in this category." 20 Ill. Adm. Code 1610.30(b) (1986).

We find that the trial court erred in dismissing without a hearing appellant's petition for writ of *mandamus* with respect to this issue. A question of fact existed as to whether the documents to which appellant claims he was denied access actually existed, were actually considered by the Board, or fell within one of the exceptions set forth in section 1610.30(b) of the Prisoner Review Board Rules. When considering whether to dismiss a petition for writ of *mandamus*, well-pleaded facts in the petition, together with all reasonable inferences therefrom, must be taken as true. (*Etten v. Lane* (1985), 138 Ill. App. 3d 439, 445, 485 N.E.2d 1177, 1181.) Appellant alleges that he was denied access to certain documents considered by the Board in denying him parole and that these documents do not fall within any of the enumerated exceptions. Taking these allegations as true, a writ of *mandamus* should have issued, directing the Board to schedule a new hearing prior to which appellant must be given access to all evidence which will be considered by the Board. Therefore the trial court's dismissal of appellant's petition was against the manifest weight of the evidence. (*Etten*, 138 Ill. App. 3d 439, 485 N.E.2d 1177.) Appellant is entitled to an evidentiary hearing on his petition with respect to this issue, and we therefore remand this cause to the circuit court of Randolph County for a hearing on this issue only.

For the foregoing reasons, the judgment of the circuit court of Randolph County is reversed and remanded.

Reversed and remanded.

HARRISON, P.J., and KARNS, J., concur.