THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TINA BAEZ, Defendant-Appellant.

Third District    No. 3—90—0182

Opinion filed December 19, 1990.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, State's Attorney, of Joliet (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

Following a bench trial, the court convicted the defendant, Tina Baez, of unlawful possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(b)(2)). The court thereafter sentenced her to serve four years in prison and ordered her to pay a $920 street-value fine. The defendant appeals.

The record shows that several Will County sheriff's department officers executed a search warrant at the defendant's residence at 10:54 p.m. on October 18, 1989. During their search, they found a gray bank bag on top of the kitchen counter. Inside the bag were two plastic baggies containing cocaine. Also inside the bag were a hand scale, a NATO military switchblade knife, a piece of paper with telephone numbers on it, $103 in cash, and the defendant's cash station bank card.

Officer Dennis Carey testified that on the counter near the gray bag he found a woman's purse containing $1,050 in cash, some utility bills, and a checkbook. The defendant's name was on the bills and

checkbook. Carey also testified that an electronic scale was found underneath the gray bag.

Officer Daniel Tapper testified that the defendant's bank card was inside the scale in the gray bag. He noted that the card had a white powdery substance on the bottom of it. Tapper also noted that a "Dial-A-Pager" was found on the kitchen counter and that a third scale was found in another room.

Expert testimony established that one of the plastic baggies found inside the gray bag contained 5.8 grams of cocaine and the other contained 3.4 grams of cocaine. It was further established that the street value of the cocaine was $920.

Tracy Stover testified on behalf of the defendant that on October 18, 1989, she had repaid $200 the defendant had loaned her. She further noted that the defendant was a good friend of hers.

Laurie Reese and Brenda Austin also testified on behalf of the defendant. They stated that at 8:30 p.m. on October 18, 1989, they had gone to the defendant's house with Laura Chambers. Thereafter, the four women sat in the living room and talked. During the course of the evening, Austin repaid $400 the defendant had loaned her. Around 10 p.m., Tommy Carter knocked on the front door. After the defendant opened the door and let him in, the two of them argued. At that time, Carter had a gray bag under his arm. According to Austin, the defendant told Carter that he could leave something in the kitchen. Reese and Austin testified that Carter then went into the kitchen alone. After a couple of minutes, he came out of the kitchen, without the gray bag. He then left the house. About a half hour later, Reese, Austin, and Chambers also left.

On appeal, the defendant argues that the State failed to prove beyond a reasonable doubt that she possessed the cocaine with the intent to deliver.

Intent to deliver drugs can be proven by circumstantial evidence. (*People v. Cruz* (1984), 129 Ill. App. 3d 278, 472 N.E.2d 175.) The existence of a particular mental state is a question for the trier of fact. (*People v. LeCour* (1988), 172 Ill. App. 3d 878, 527 N.E.2d 125.) Upon judicial review, a reviewing court will preserve the trier of fact's role as weigher of the evidence by viewing the evidence in the light most favorable to the prosecution; the relevant question is whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) Proof beyond a reasonable doubt does not require the exclusion of every possible doubt; as long as the entire chain of circumstances leads to a reasonable cer-

tainty that the accused committed the crime, the judgment must be upheld. *People v. Stepteau* (1986), 142 Ill. App. 3d 400, 491 N.E.2d 821.

■■ ■ Here, the defendant possessed 9.2 grams of cocaine, which had a street value of $920. A weapon, two scales, the defendant's bank card, and over $1,150 in cash were found in close proximity to the cocaine. These are factors the trial court could consider as evidence of the defendant's intent to deliver. (*People v. Schaefer* (1985), 133 Ill. App. 3d 697, 479 N.E.2d 428.) Although the defendant presented testimony offering various explanations for some of those items, the trial court was ultimately responsible for judging the credibility of the witnesses and the weight to be accorded their testimony. (See *People v. Brown* (1986), 150 Ill. App. 3d 535, 501 N.E.2d 1347.) We note that no explanation was offered for the cash in the defendant's purse not attributable to loan repayments. Moreover, the defendant did not explain why she possessed an electronic scale or how her bank card came to be inside the scale in the gray bag supposedly belonging to Carter. Viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found that the State proved the intent to deliver element beyond a reasonable doubt.

■■ The defendant lastly argues that pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 110—14), her street-value fine of $920 should be reduced by $5 to reflect one day of credit for her preconviction jail time. The State concedes that the defendant's fine should be reduced by $5 to reflect credit for her preconviction jail time. We agree and, pursuant to our authority under Supreme Court Rule 615 (107 Ill. 2d R. 615), hereby reduce the defendant's $920 street-value fine by $5.

The judgment of the circuit court of Will County is affirmed with the modification of the $920 fine to $915.

Affirmed as modified.

STOUDER, P.J., and BARRY, J., concur.