THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN BOHLANDER, Defendant-Appellant.

Third District No. 3—91—0403

Opinion filed March 4, 1992.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Larry VanDerSnick, State's Attorney, of Cambridge, and Basil G. Greanias, of Decatur (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The trial court found the defendant, John Bohlander, guilty of unlawful delivery of cannabis (Ill. Rev. Stat. 1989, ch. 56½, par. 705(c)). The court thereafter sentenced him to 18 months' imprisonment. Bohlander appeals, alleging the trial court erred at sentencing when it considered as an aggravating factor that he had a history of drug dependence. We disagree and affirm Bohlander's sentence.

The record shows in relevant part that at the conclusion of a bench trial the trial court found Bohlander had sold 26.5 grams of cannabis to an undercover police officer. The presentence report shows the 39-year-old defendant had several previous traffic convictions and a burglary conviction. It also reflects he had three children from prior marriages and was $1,300 in arrears in their child support payments. Although Bohlander had enlisted in the Army, he was subsequently given an "other than honorable" discharge. While Bohlander had an associate's degree in accounting, he held a variety of jobs, generally for short periods of time. Bohlander admitted using illegal drugs since he was 18. He reported smoking marijuana on a daily basis and also using acid, speed, cocaine and, once, heroin. He claimed he was not addicted to drugs and had quit using them in November of 1990. At the time of the presentence report, Bohlander was receiving outpatient drug treatment as a condition of bond in a pending Federal case.

At the sentencing hearing, the police officer who purchased the 26.5 grams of marijuana from Bohlander testified that 10 days prior to that purchase, he had also purchased an ounce of marijuana from Bohlander. Bohlander testified at sentencing that he was innocent of the police officer's additional allegations. He claimed that since his 1972 burglary con-

viction, he had led a law-abiding life. Bohlander acknowledged, however, that he was currently facing Federal charges for welfare fraud. Bohlander admitted he frequently used illegal drugs. He also admitted that while released on bond pending trial in this case, he used marijuana and cocaine. Bohlander noted that his presentence report was inaccurate because he was actually $10,000 behind on child support. Bohlander testified he was trying to straighten his life out by going to drug rehabilitation.

The trial court found the following factors in mitigation: (1) Bohlander's criminal conduct had not caused direct physical harm to another; (2) he had a history of mental health problems; (3) he had been forthright and honest; (4) he helped support his girl friend's children; and (5) Bohlander was working. In aggravation, the trial court considered these factors: (1) Bohlander had a prior criminal record; (2) he had sold marijuana to an undercover officer on another occasion; (3) he was not supporting the children of his second marriage; and (4) Bohlander was an admitted regular user of marijuana and other drugs. After considering all factors, the trial court stated that it could not find Bohlander was unlikely to commit another drug-related crime. Therefore, the trial court determined that a prison sentence was appropriate and necessary to deter others.

On appeal, Bohlander contends the trial court should have considered his drug addiction as a mitigating factor. We disagree. He argues that since he is a drug addict, the court's reliance on drug use as an aggravating factor violates the ban against making drug addiction by itself a crime. (See *Robinson v. California* (1962), 370 U.S. 660, 8 L. Ed. 2d 758, 82 S. Ct. 1417.) This argument is without merit.

■ We note that drug abuse is not listed in the Unified Code of Corrections (Code) as a mitigating factor or an aggravating factor. (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.1, 1005—5—3.2.) However, a sentencing court may base its sentence on factors other than those listed in the Code so long as they are consistent with the Code. *People v. Allen* (1983), 119 Ill. App. 3d 845, 457 N.E.2d 77.

Bohlander relies on *Robinson* in support of his position. We find Bohlander's reasoning is misplaced. *Robinson* dealt with a case in which the defendant was convicted and sentenced to jail merely because he was a drug addict. A more analogous case is *People v. Whealon* (1989), 185 Ill. App. 3d 570, 541 N.E.2d 865. There, the court held that drug addiction may be considered as an aggravating factor to show the defendant's history of prior criminal activity. Also, the court held that drug addiction may be used as evidence to refute either of the following mitigating factors: (1) the defendant's conduct was the result of circum-

stances not likely to recur, and (2) the defendant's character and attitude indicate that he is unlikely to commit another crime.

 Here, the trial court noted when it considered Bohlander's drug use as an aggravating factor that Bohlander had only stayed away from drugs after the Federal charge was brought against him. The trial court commented that it wished Bohlander had quit using drugs earlier. The trial court found, based on Bohlander's prior attitudes, lifestyle, character and conduct, that it could not find he was unlikely to commit another drug-related crime. After reviewing the trial court's comments, we clearly find the trial court properly considered Bohlander's drug use as part of his history of prior criminal activity and as an indication that he was likely to commit more drug-related crimes. Accordingly, we find no error in the trial court's consideration of Bohlander's drug use as an aggravating factor.

Moreover, even if the trial court had improperly relied on Bohlander's drug use as an aggravating factor, we would find the error to be harmless. Where a reviewing court can determine from the record that the weight placed by the trial court on an improperly considered factor did not lead to a greater sentence, remandment is not required. (*People v. Bourke* (1983), 96 Ill. 2d 327, 449 N.E.2d 1338.) Here, the trial court considered Bohlander's criminal history, the pending Federal charge, and the numerous mitigating and aggravating factors before it. The trial court made only a passing mention of Bohlander's history of drug use and certainly did not stress it. Based on our review of the record, we find that Bohlander would have received the same sentence even if the court had not considered his drug use in aggravation.

 Finally, Bohlander argues that his $2,000 fine must be reduced by $5 to reflect a credit for the one day he spent in jail prior to trial. The State agrees, as do we, that section 110—14 of the Code of Criminal Procedure of 1963 entitles him to this credit. (Ill. Rev. Stat. 1989, ch. 38, par. 110—14; *People v. Baez* (1990), 206 Ill. App. 3d 410, 564 N.E.2d 931.) Accordingly, pursuant to our authority under Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), we hereby reduce Bohlander's fine to $1,995.

The judgment of the circuit court of Henry County is affirmed as modified.

Affirmed as modified.

SLATER and GORMAN, JJ., concur.