MARTIN R. WILLIAMS, Plaintiff-Appellant, v. PAUL J. KLINCAR, Chairman, Illinois Prisoner Review Board, Defendant-Appellee.

Third District   No. 3—91—0809

Opinion filed November 13, 1992.

Martin Williams, of Galesburg, appellant *pro se*.

Roland W. Burris, Attorney General, of Springfield (Robert G. Toews, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Martin R. Williams, appeals from the trial court's denial of his petition for writ of *mandamus*. We reverse the trial court's decision and remand this cause for proceedings consistent with this opinion.

The record shows that the plaintiff asked the clinical services supervisor of the Hill Correctional Center for a copy of his parole progress report. This report contained information used by the Illinois Prisoner Review Board (Board) in determining the plaintiff's eligibility for parole. The Board denied his request, finding that the informa-

tion requested was exempt from disclosure. The plaintiff appealed this decision to the Chairman of the Board, defendant Paul J. Klincar.

Following Klincar's denial of his appeal, the plaintiff filed a petition for writ of *mandamus* with the circuit court of Knox County requesting that the Board be ordered to release the information. He argued that he was entitled to the information under the Freedom of Information Act (Act) (Ill. Rev. Stat. 1991, ch. 116, par. 201). In addition, he noted that the Board's rules and regulations stated that "[a] parole candidate shall have access to all documents which the Board considers in denying parole." 20 Ill. Adm. Code §1610.40 (1985); see also *Etten v. Lane* (1985), 138 Ill. App. 3d 439, 485 N.E.2d 1177; *Walker v. Prisoner Review Board* (7th Cir. 1982), 694 F.2d 499.

In response, the defendant filed a motion to dismiss, arguing that the information the plaintiff sought was specifically exempt from disclosure under section 7(a) of the Act (Ill. Rev. Stat. 1991, ch. 116, par. 207(a)) and section 1610.30(b) of the Board's rules and regulations (20 Ill. Adm. Code §1610.30(b) (1991)).

At the hearing, it was determined that the rules and regulations were amended on October 10, 1985, and now provide:

"(b) Access to Records by the Inmate

1) The inmate shall have access to all evidence considered by the Board unless the evidence is specifically found to:

A) Include information which, if disclosed, would damage the therapeutic relationship between the inmate and a mental health professional;

B) Subject any person to the actual risk of physical harm.

C) Threaten the safety or security of the Department or an institution." 20 Ill. Adm. Code §1610.30(b) (1991).

Relying on this change and an affidavit filed by the defendant, the trial court denied the plaintiff's motion. The defendant's affidavit stated in relevant part that "all documents considered by the Board in its parole consideration are provided to him at his file review, except for those found to be specifically exempted by section 1610.30(b) of Board Rules. Some documents in his file are considered to be exempt under the Rules."

On appeal, the plaintiff first argues that the amendment to section 1610.30(b) constitutes an *ex post facto* law. He contends that the change deprives him of a substantial right that was previously afforded him.

The application of a new parole provision to an inmate constitutes *ex post facto* punishment only if the new law constricts the inmate's

opportunity to earn early release and thereby makes more onerous the punishment for crimes committed before its enactment. (*Tiller v. Klincar* (1990), 138 Ill. 2d 1, 561 N.E.2d 576.) However, the *ex post facto* prohibition has no application to changes which are merely procedural and which do not disadvantage the inmate in a substantial right. *Hanrahan v. Klincar* (1988), 167 Ill. App. 3d 464, 521 N.E.2d 583.

■■ In the case at hand, we note that the plaintiff was incarcerated prior to 1985. However, we find that the changes made to the section in question were merely procedural. As our resolution of the next issue makes clear, there are sufficient safeguards in the law which insure that the plaintiff's substantial rights are protected. Accordingly, we find no violation of the *ex post facto* prohibition.

We now consider the issue of whether the court erred in failing to require the State to prove that the material in question was actually exempt from disclosure. The plaintiff, pursuant to section 7(a) of the Act, sought disclosure of "any and all progress reports submitted to the Board via Clinical services, objection letters from the victim's relatives or friends, and any and all objection letters submitted to the Board by the State which conclusively beyond any reasonable doubt contain erroneous information."

Section 7(a) of the Act provides that any information specifically prohibited from disclosure by Federal or State law or rules and regulations shall be exempt from inspection or copying. (Ill. Rev. Stat. 1991, ch. 116, par. 207(a).) As previously mentioned, section 1610.30(b) of the Board's rules and regulations specifically prohibits the disclosure of certain information. Based on these statutes, the trial court denied the plaintiff's petition. Because of the facts of this case, however, we find this decision to be erroneous.

■■ Under the Act, in any action considered by the court, the court shall consider the matter *de novo*, and shall conduct such *in camera* examination of the requested records as it finds appropriate to determine if such records or any part thereof may be withheld under any provision of the Act. The burden shall be on the public body to establish that its refusal to permit public inspection or copying is in accordance with the provisions of the Act. (Ill. Rev. Stat. 1991, ch. 116, par. 211(f).) To meet this burden and to assist the court in making its determination, the agency must provide a *detailed* justification for its claim of exemption, addressing the requested documents specifically and in a manner allowing for adequate adversary testing. (*Antonelli v. Drug Enforcement Administration* (7th Cir. 1984), 739 F.2d 302.) When an agency meets its burden by means of affidavits, *in*

*camera* review is not necessary. However, the affidavits will not suffice if the agency's claims are conclusory, merely recite statutory standards, or are too vague or sweeping. *Baudin v. City of Crystal Lake* (1989), 192 Ill. App. 3d 530, 548 N.E.2d 1110.

■ In the case at hand, the defendant submitted an affidavit which we find to have been merely conclusory. The defendant did not provide a detailed justification for his claim of exemption. Instead, he just stated that the material was exempt under section 1610.30(b) of the Board's rules and regulations. He did not even detail which section of 1610.30(b) he considered the material to be exempt under. In short, the defendant stated that the material was exempt because he said it was exempt.

We find that the affidavit was completely inadequate to sustain the defendant's burden of proof. As such, we remand this case to the trial court and direct the court to conduct an *in camera* inspection to determine if the material fits within one of the statutory exemptions.

Finally, we address the defendant's contention that the plaintiff is precluded from the relief he seeks. The defendant argues that the plaintiff improperly filed a petition for writ of *mandamus* instead of a petition for injunctive or declaratory relief as required by section 11(a) of the Act. See Ill. Rev. Stat. 1991, ch. 116, par. 211(a).

■ We find the defendant's argument to be waived since he failed to raise it below. Furthermore, we note that *mandamus* is a proper remedy in this case. (See *Hanrahan v. Klincar* (1988), 167 Ill. App. 3d 464, 521 N.E.2d 583.) Accordingly, the plaintiff is not precluded from relief because of the form of his petition.

The decision of the circuit court of Knox County is reversed and the cause remanded for proceedings consistent with this decision.

Reversed and remanded.

GORMAN and STOUDER, JJ., concur.