THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL ALLEN GOSSAGE, Defendant-Appellant.

Third District    No. 3—01—0674

Opinion filed May 2, 2003.

G. Joseph Weller and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul Mangieri, State's Attorney, of Galesburg (John X. Breslin and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCHMIDT delivered the opinion of the court:

Pursuant to a partially negotiated plea agreement, defendant Daniel Allen Gossage pleaded guilty to one count of predatory criminal sexual assault of a child, a Class X offense (720 ILCS 5/12—14.1(a)(1) (West 1998)). In exchange for the plea, the State dismissed two other charges. Defendant was subsequently sentenced to $17\frac{1}{2}$ years' imprisonment. Defendant's postplea motion was denied, and he appeals. The sole issue on review is whether defendant's sentence was excessive. We affirm.

At the guilty plea proceedings, the State provided the following factual basis: Samantha P. would testify that she was under age 13 in mid-February 1999, when defendant began sexually assaulting her. During the first incident, defendant was unable to insert his penis into Samantha's vagina; however, the following morning, he succeeded in having sexual intercourse with her. Thereafter, the conduct was repeated with some regularity until July 1999. In addition to Samantha, the prosecutor stated, Darcey D., Samantha's friend, would testify that one night in February 1999 when she slept over at Samantha's house, she observed defendant having sexual intercourse with Samantha.

After the court admonished defendant and accepted his plea, the parties agreed to have a mental evaluation conducted in connection with the presentence investigation. The evaluation report was

prepared by Dr. Hershel W. Statham. It disclosed that the 34-year-old defendant began using marijuana, cocaine and acid at age 18. Between early 1999 and July 1999, defendant's drug usage escalated. When testing was conducted on February 23, 2000, defendant's Intelligence Quotient measured 71 and placed him in the "lower end of the borderline range of cognitive functioning." According to Dr. Statham, defendant's sexual history "reveals a normal pattern of sexual interest until the time of the present legal difficulties." He opined that defendant "does not have a problem with pedophilia," he "would not be described as a sexual predator," and "no other indication that any other diagnosis of a sexual deviation is present." Dr. Statham concluded that defendant suffered from depression, anxiety and poor impulse control.

At the sentencing hearing, Samantha testified that she was born May 26, 1986. She became acquainted with defendant when her mother, Toyica P., began dating defendant. Samantha and Toyica moved in with defendant in 1998. Toyica and defendant told Samantha, then 12 years old, that defendant wanted to have sexual intercourse with her. Samantha said she did not want to do that. A couple of nights later, Toyica and defendant ordered Samantha to take off her clothes and climb on top of defendant. Samantha said defendant tried to put his penis into her vagina. Samantha cried; she pulled away and told him to stop, but her mother, Toyica, held her down while defendant sexually assaulted her. The next day, defendant threatened Samantha with a knife and succeeded in inserting his penis into her vagina. She said he kept it inside her and it hurt a lot. For the next several months, until July 1999 when Samantha telephoned the police, defendant continued to have sexual intercourse with her. Ultimately, she became pregnant and had an abortion. Samantha did not report the conduct to the police earlier, because defendant and Toyica had threatened to "take [her] to Peoria and tell them [she] was crazy." Forensic testing established that defendant was the father of Samantha's aborted fetus.

Testifying on behalf of defendant, Madge Stancomb testified that she was defendant's mother and the grandmother of his two children by a prior marriage. Stancomb said defendant worked from age 16 until he met Toyica around November 1998. After Toyica and Samantha moved in with defendant, defendant quit his job and neither defendant nor Toyica seemed interested in working.

Based on the evidence, the prosecutor recommended that the court impose a 25-year sentence, and the defense recommended 6 years. The court found that defendant's lack of a significant prior criminal history was a factor in mitigation. The court also cited the report of Dr.

Statham as "a mark in [defendant's] favor," although the court expressed incredulity with respect to some of the psychologist's findings, such as that defendant was not a "pedophile" or a "sexual predator" and that there was no indication of a "sexual deviation." We share the trial court's disbelief. The court also noted defendant's history of illicit drug usage and the devastating effect that the repeated assaults had on the child victim. Following its remarks, the court sentenced defendant to 17½ years in the Department of Correction.

On appeal, defendant argues that the trial court abused its sentencing discretion by giving inadequate consideration to his mental disability and the unlikelihood of his reoffending. He seeks a reduction in his sentence.

■ It is well settled that the trial court is in a better position than this court to fashion an appropriate sentence. *People v. Perruquet*, 68 Ill. 2d 149, 368 N.E.2d 882 (1977). The trial court's sentencing decision may not be altered on review unless the court's discretion is abused (*People v. Cox*, 82 Ill. 2d 268, 412 N.E.2d 541 (1980)) or the sentence constitutes a clear departure from fundamental law or is not proportionate to the offense. *People v. Anderson*, 112 Ill. 2d 39, 490 N.E.2d 1263 (1986). A sentence within the statutory range for the offense generally will not represent a departure from fundamental law. See *People v. Lintz*, 245 Ill. App. 3d 658, 615 N.E.2d 366 (1993).

■ Here, defendant's 17½-year prison sentence falls in the midrange for predatory criminal sexual assault of a child. See 720 ILCS 5/12—14.1(b) (West 1998); 730 ILCS 5/5—8—1(a)(3) (West 1998). Defendant's lack of a significant criminal history and his "borderline cognitive functioning" were matters that the trial court took into consideration in imposing a sentence less severe than the State recommended. However, with regard to defendant's likelihood of reoffending, the court was justifiably skeptical of Dr. Statham's analysis. Defendant sexually assaulted the 12-year-old victim numerous times, at least once while her mother held her down. Statham found the defendant "to be an individual who makes very poor decisions." Based on the evidence, reasonable people could conclude that this psychologist has raised understatement to an art form. Balanced against the mitigating factors, the judge considered the nightmarish circumstances of the offense, that the predatory conduct was repeated over several months resulting in the victim's pregnancy and an abortion, and the long-term effects that the series of events could have on the victim. The court also properly considered defendant's illicit drug use as a factor in aggravation. See *People v. Bohlander*, 225 Ill. App. 3d 1055, 589 N.E.2d 139 (1992).

Defendant's sentence does not constitute a departure from

fundamental law, nor is it disproportionate to the offense. Rather, the record demonstrates that the court exercised remarkable restraint in imposing a mid-range prison term on these facts. In sum, we hold that the trial court did not abuse its discretion; therefore, we deny defendant's request for a reduction of sentence.

The judgment of the circuit court of Knox County is affirmed.

Affirmed.

BARRY and LYTTON, JJ., concur.