NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200064-U

NOS. 4-20-0064, 4-20-0065 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 6, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| BRIAN TRAINAUSKAS, | ) | Appeal from the |
|     Petitioner-Appellant, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JACOB N. DALTON and KENDRA R. WOLF, in Their | ) | Nos. 18MR152 |
| Official Capacities as Employees of the Department of | ) | 18MR153 |
| Corrections, and TERI A. KENNEDY, in Her Official | ) | |
| Capacity as the Warden of Pontiac Correctional Center, | ) | Honorable |
|     Respondents-Appellees. | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Knecht and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court's dismissal of petitioner's petitions for *mandamus* and a writ of
*certiorari* was proper.

¶ 2        In September 2018, petitioner, Brian Trainauskas, filed a *pro se* petition for

*mandamus* in Livingston County case No. 18-MR-152 (appellate court No. 4-20-0064) and a

petition for a writ of *certiorari* in Livingston County case No. 18-MR-153 (appellate court No.

4-20-0065) against respondents, Jacob N. Dalton and Kendra R. Wolf, in their official capacities

as employees of the Department of Corrections (Department), and Teri A. Kennedy, in her

official capacity as warden of the Pontiac Correctional Center.  In both petitions, petitioner

alleged his due process rights were violated because respondents did not follow Department

regulations in disciplinary proceedings for petitioner's June 21, 2018, infraction.  In April 2019,

respondents filed combined motions to dismiss under section 2-619.1 of the Code of Civil

Procedure (Procedure Code) (735 ILCS 5/2-619.1 (West 2018)). After a January 2020 hearing, the Livingston County circuit court granted respondents' motions to dismiss.

¶ 3    Petitioner appeals, asserting the circuit court erred by dismissing his petitions for *mandamus* and a writ of *certiorari*. We affirm.

¶ 4    I. BACKGROUND

¶ 5    In case No. 18-MR-152, petitioner filed *pro se* a petition for *mandamus*, seeking a list of nine items of relief including (1) expungement of his disciplinary report No. 201801878 and the sanctions imposed, (2) an order requiring respondents to properly classify him as seriously mentally ill and provide him mental health treatment, and (3) compensatory and punitive damages. Petitioner alleged he requested respondents to perform the duties contained in Part 504 of Title 20 of the Illinois Administrative Code (20 Ill. Adm. Code 504 (2017)), which addresses discipline and grievances, and respondents have refused to do them. Specifically, petitioner claimed respondents violated his due process rights by failing to comply with the following regulations: (1) section 504.20 of Title 20 of the Illinois Administrative Code (20 Ill. Adm. Code 504.20 (2017)), (2) section 504.70 of Title 20 of the Illinois Administrative Code (20 Ill. Adm. Code 504.70 (2017)), (3) section 504.60 of Title 20 of the Illinois Administrative Code (20 Ill. Adm. Code 504.60 (2017)), and (4) section 504.80 of Title 20 of the Illinois Administrative Code (20 Ill. Adm. Code 504.80 (2017)). Petitioner asserted those regulations had special provisions for those determined to be seriously mentally ill and he was designated seriously mentally ill by a Department mental health professional in June 2017. He also contended he was not granted a proper hearing and was found guilty in his absence. Additionally, petitioner noted he had not received mental health treatment since arriving at Pontiac Correctional Center on June 21, 2018.

¶ 6        Petitioner attached four exhibits to his *mandamus* petition. Exhibit A showed a Department mental health professional had designated petitioner seriously mentally ill on the following dates: (1) June 9, 2017; (2) November 30, 2017; (3) March 21, 2018; (4) May 9, 2018; and (5) June 20, 2018. Exhibits B and C showed petitioner received disciplinary ticket No. 201801878/1-PON on June 21, 2018. Exhibit B is a document in which petitioner indicated he would like Jacob Weatherford called as a witness at the disciplinary hearing. The note indicated Weatherford could testify about petitioner's seriously mentally ill designation, petitioner's diagnoses, and the discontinuation of petitioner's medication. Exhibit C was the adjustment committee final summary report stating petitioner pleaded guilty and received six months of the following discipline: (1) C grade status, (2) segregation; (3) commissary restriction; (4) visiting restriction, (5) audio/visual restriction, and (6) contact visit restriction. The final summary report listed a hearing date and time of 2:12 p.m. on June 27, 2018, and was signed by all three respondents. The report also stated petitioner was not seriously mentally ill per an attached e-mail. The attachment is not part of the record on appeal. Exhibit D was a July 10, 2018, comment written on a letter petitioner sent to a Ms. Brown, and the comment stated petitioner was designated seriously mentally ill.

¶ 7        In case No. 18-MR-153, petitioner's *pro se* petition for writ of *certiorari* sought vacatur of the disciplinary ticket, expungement of the sanctions, and an order requiring the mental health department at Pontiac Correctional Center to provide adequate treatment to petitioner. He again alleged due process violations based on respondents' noncompliance with the same Department regulations as stated in his *mandamus* petition and attached the same four exhibits to his *certiorari* petition.

¶ 8        In April 2019, respondents filed a combined motion to dismiss both petitions

under section 2-619.1 of the Procedure Code (735 ILCS 5/2-619.1 (West 2018)) and a memorandum of law with exhibits supporting their motions to dismiss. Respondents alleged petitioner's complaint should be dismissed with prejudice under both sections 2-615 and 2-619 of the Procedure Code (735 ILCS 5/2-615, 2-619 (West 2018)). They contended the discipline petitioner received did not rise to the level of an atypical or significant hardship and thus did not create a liberty interest in the disciplinary proceedings. Respondents also argued petitioner was afforded all the due process rights required by *Wolff v. McDonnell*, 418 U.S. 539 (1974), regardless of whether the discipline did or did not constitute a significant hardship. Petitioner filed a memorandum in response to the motion to dismiss, asserting he did set forth a claim of due process violations and violations of Department regulations and he did suffer an atypical and significant hardship.

¶ 9        On January 13, 2020, the circuit court held a hearing on respondents' motions to dismiss. The court granted respondents' motions to dismiss under both sections 2-615 and 2-619, finding petitioner had received all of the due process rights afforded to him under *Wolff*.

¶ 10        On January 21, 2020, petitioner filed notices of appeal from the dismissal of his petitions for *mandamus* and writ of *certiorari* that did not comply with Illinois Supreme Court Rule 303 (eff. July 1, 2017). On January 30, 2020, petitioner filed timely amended notices of appeal in sufficient compliance with Rule 303. Thus, this court has jurisdiction of petitioner's appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 11                                II. ANALYSIS

¶ 12        In this case, petitioner appeals from the circuit court's dismissal of his petitions for *mandamus* and a writ of *certiorari*. Both petitions alleged violations of petitioner's due process rights based on noncompliance with Department regulations in a disciplinary proceeding

- 4 -

related to a disciplinary ticket issued on June 21, 2018. Regardless of whether the circuit court's dismissal of petitioner's petitions was under section 2-615 or 2-619, or a combination of both sections pursuant to section 2-619.1, this court's standard of review is the same. *Jane Doe-3 ex rel. Julie Doe-3 v. White*, 409 Ill. App. 3d 1087, 1092, 951 N.E.2d 216, 223 (2011). We review *de novo* the circuit court's dismissal. *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223. "In doing so, we will accept as true all well-pleaded factual allegations." *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223. We can affirm the circuit court's dismissal for any reason found in the record. *Akemann v. Quinn*, 2014 IL App (4th) 130867, ¶ 21, 17 N.E.3d 223.

¶ 13          Our supreme court has held the proper analysis of an inmate's allegations of violations of Department regulations begins with a determination of whether the Department regulations at issue create judicially enforceable rights for inmates. *Fillmore v. Taylor*, 2019 IL 122626, ¶ 38, 137 N.E.3d 779. "It is only if those regulations create judicially enforceable rights for inmates that we consider whether plaintiff was entitled to *mandamus* or writ of *certiorari* based upon defendants' alleged failure to comply with those regulations." *Fillmore*, 2019 IL 122626, ¶ 38. The *Fillmore* court's consideration of that issue focused on the United States Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995), which reexamined the circumstances under which state prison regulations afforded inmates a liberty interest protected by the due process clause, including its prior decision in *Wolff*. *Fillmore*, 2019 IL 122626, ¶ 39. Ultimately, the *Fillmore* court determined that, "in the context of prison disciplinary proceedings, a prisoner is entitled to due process protections, such as the procedural protections set forth in *Wolff*, only when the penalty faced by the prisoner implicates a liberty interest because it affects the nature or duration of his confinement." *Fillmore*, 2019 IL 122626, ¶ 48. Stated differently, "it is not the violation of the Department regulations itself that gives rise to a

cause of action but, rather, the interest affected by the discipline imposed for that violation." *Fillmore*, 2019 IL 122626, ¶ 54.

¶ 14 Under certain circumstances, States may create liberty interests protected by the Due Process Clause. *Sandin*, 515 U.S. at 483-84.

> "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, *e.g.*, *Vitek* [*v. Jones*,] 445 U.S. [480,] 493 [(1980)] (transfer to mental hospital), and *Washington* [*v. Harper*,] 494 U.S. [210,] 221-222 [(1990)] (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

After reviewing the disciplinary actions available to the Department in section 504.80(k)(4) of Title 20 of the Illinois Administrative Code (20 Ill. Adm. Code 504.80(k)(4), amended at 27 Ill. Reg. 6214 (eff. May 1, 2003), the *Filmore* court stated that, "with limited exceptions, none of the disciplinary actions set forth in the Department's regulations impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Fillmore*, 2019 IL 122626, ¶¶ 46-47.

¶ 15 In *Fillmore*, 2019 IL 122626, ¶ 12, the petitioner had received the following discipline: "one year of C-grade status, one year in segregation, one year of contact visit restrictions, the loss of one year of good conduct credits, and one year of a $15 per month restriction." Our supreme court only found the revocation of statutory good time or good conduct credits implicated a liberty interest. *Fillmore*, 2019 IL 122626, ¶ 56. Specifically, the

court determined, " '[a]s a general rule, only sanctions which result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or which otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest.' " *Fillmore*, 2019 IL 122626, ¶ 56 (quoting *Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998)).

¶ 16        We note petitioner did not lose any good conduct credits.  On appeal, he appears to only argue segregation at Pontiac Correctional Center is an atypical and significant hardship. However, the facts petitioner asserts in his appellate brief in support of that argument were not set forth in his petitions.  Moreover, our supreme court did not find one year of segregation was an atypical and significant hardship on the prisoner in *Fillmore*.  *Fillmore*, 2019 IL 122626, ¶¶ 47, 55.  Accordingly, we find petitioner did not plead any facts showing the discipline he received imposed an atypical and significant hardship in relation to the ordinary incidents of prison life.  As such, petitioner did not plead a liberty interest subject to protection by the due process clause.  Thus, petitioner's petitions failed to state causes of action for *mandamus* and a writ of *certiorari*.

¶ 17        Additionally, for the first time on appeal, petitioner asserts the conditions of confinement in the Pontiac Correctional Center's segregation unit violates the eighth amendment's (U.S. Const., amend. VIII) prohibition of cruel and unusual punishment.  We find petitioner's argument forfeited because he failed to raise it in his petitions.  See *Williams v. Klincar*, 237 Ill. App. 3d 569, 573, 604 N.E.2d 986, 989 (1992).

¶ 18        Accordingly, we find the circuit court's dismissal of petitioner's petitions for *mandamus* and a writ of *certiorari* was proper.

¶ 19                                III. CONCLUSION

¶ 20  For the reasons stated, we affirm the Livingston County circuit court's judgment.

¶ 21  Affirmed.