*In re* MARRIAGE OF GLEN MUSA, Petitioner, and KATHLEEN J. MUSA, Respondent and Third-Party Petitioner-Appellant.—(MARGARET O. VOGEL, Third-Party Respondent-Appellee.)

Second District    No. 81-500

Opinion filed January 6, 1982.

Paul H. Stacey, of Wheaton, for appellant.

David F. Rolewick, of Wheaton, and Daniel Nagle, of Chicago, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Kathleen J. Musa, the respondent in a dissolution of marriage proceeding, filed a third-party petition against Margaret O. Vogel, her mother-in-law, claiming an oral contract to purchase the marital residence. Mrs. Vogel filed a motion to dismiss pursuant to section 48(1)(i) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(i)). The trial court dismissed the action based upon the pleadings, including the respective affidavits of the parties, and the petitioner appeals.

The petition alleged that both spouses at the time of the marriage deposited money in a joint bank account which was owned by the husband and his mother in joint tenancy; that all funds deposited in the account were to be applied towards a down payment on the purchase of the marital residence for an agreed-upon purchase price of $54,000; that the mother-in-law contributed nothing to the account, and wrongfully withdrew $10,000 from it without negotiating a closing for the sale. Mrs. Vogel's section 48 motion to dismiss alleged that all of the payments in the account were rents and that no contract of sale was ever made. The motion was supported by the affidavits of Glen Musa, Margaret O. Vogel and Aaron Primas, a friend of Glen Musa and Vogel, who was also the executor of the estate of the father of Glen Musa. Essentially the affidavits stated that there was an oral agreement to rent the property for the sum of $500 per month; that as a matter of convenience and for payment of the rental the spouses agreed that the payments would be placed in the joint account; that it was agreed that if Mrs. Vogel required money on an emergency basis the husband would send it to her; that insubstantial improvements were made to the rented premises, including replacement of a kitchen counter top, replacement of the kitchen sink, wall paper, installation of a dishwasher and installation of carpeting; and that there was at no time a contract for the purchase or request to purchase during the time the parties were in possession. Kathleen Musa filed a response and several affidavits. The affidavits alleged that during their engage-

ment Mrs. Vogel agreed to permit Glen and Kathleen to live, after their marriage, rent-free in the residence; that from the date of their marriage they were to deposit money into the joint bank account; that all funds were to be applied towards a down payment; that Mrs. Vogel agreed to sell the home for $54,000; that there was at no time a discussion of rental payments; that there were substantial improvements made, including remodeling in the kitchen, additional plumbing, and installation of carpeting which cost the spouses several thousand dollars. Also, that they paid the property taxes out of their pay checks and not from the joint bank accounts; and that it was not until three days after the petitioner filed the divorce proceedings that the money was withdrawn. The affidavits also alleged various conversations in which Mrs. Musa allegedly explained to affiant the rent-free arrangement and the purchase agreement. One of the affiants related that the arrangement was stated by Mrs. Musa before the marriage at a time when her fiancé Glen Musa was present.

At the hearing on the motion counsel for Mrs. Vogel proposed to present the testimony of four witnesses. Mrs. Musa's attorney objected on the basis that section 48 called for the use of affidavits and not "live" testimony in connection with the motion, but that trial was required. The court then asked whether Mrs. Musa's counsel was asking to settle the matter based on the affidavits which had been presented, to which the response was "Right." The court then proceeded to grant the motion to dismiss without hearing oral arguments and without taking further evidence.

The initial question is whether the motion to dismiss raised "other affirmative matters avoiding the legal effect of or defeating the claim," as required under section 48(1)(i). Petitioner contends that this section refers only to true affirmative defenses, that the defense here is merely a negation of the allegations of the ultimate facts stated in the petition and not an affirmative defense.

■■ Section 48(1)(i) includes many matters which cannot be classified as true affirmative defenses. (*Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 93.) To the extent that *Brewer v. Stovall* (1977), 54 Ill. App. 3d 261, cited by respondent, may be read to have a more restrictive view of "affirmative matters," we disagree. We have broadly construed "affirmative matters" to include defenses more basic than affirmative defenses. (*Ingersoll v. Klein* (1969), 106 Ill. App. 2d 330, 336, *aff'd* (1970), 46 Ill. 2d 42 (choice of law an affirmative matter); *Kilbane v. Sabonjian* (1976), 38 Ill. App. 3d 172, 175 (truth an affirmative matter against libel); *Hermes v. Wm. F. Meyer Co.* (1978), 65 Ill. App. 3d 745, 747 (plaintiff's lack of standing an affirmative matter).) " '[A]ffirmative matter' as that term is used in section 48(1)(i) is something in the nature of a defense that negates an alleged cause of action completely or

refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint." *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 96. See also *Smith v. St. Therese Hospital* (1980), 87 Ill. App. 3d 782, 785; *Meeker v. Webner* (1977), 51 Ill. App. 3d 716, 719.

■■ Mrs. Musa argues that whether the oral agreement was a lease or a contract of sale is a complex question which should not be decided on motion. We acknowledge that "[t]he main purpose of section 48 is to provide a means of disposing of issues of law or of easily proved issues of fact" (*Dangeles v. Marcus* (1978), 57 Ill. App. 3d 662, 667); also, that it is not an appropriate motion if it merely seeks to controvert the allegations of ultimate fact made in the petition. (*Smith v. St. Therese Hospital.* (1980), 87 Ill. App. 3d 782, 785.) We conclude, however, that Mrs. Vogel as the movant has done more than merely offer evidence to refute the allegations of the petition. In *Meeker v. Webner* (1977), 51 Ill. App. 3d 716, a somewhat similar factual setting was considered. Meeker, engaged in the business of selling grain bins, and the Webners signed two documents; one was titled "Purchase Agreement" and the other, "Lease Agreement." Meeker obtained a judgment against the Webners on the theory that they had defaulted on the purchase contract, and the Webners satisfied the judgment. Then, Meeker filed suit in replevin seeking the return of the equipment, and the defendants filed a motion to dismiss under section 48. Finding that the underlying transaction was a sale and not a lease, the trial court determined that the defendants were the owners of the property so that a suit in replevin was barred. In granting the motion to dismiss pursuant to section 48(1)(i), the court concluded that whether the underlying transaction between the parties was a lease or whether it was a sale could properly be disposed in the section 48 proceeding.

While *Meeker* is distinguishable in that the court had before it written agreements rather than the conflicting oral agreements, we do not see the form of agreement as controlling. The *Meeker* court was called upon in the section 48 proceeding to decide which of two agreements, both of which related to the same equipment, was applicable. Here, a similar question was before the trial court, whether the Musas had entered into a contract for the purchase of the property or were merely agreeing to a lease.

■■ We therefore conclude that the subject matter of the dispute was within the purview of section 48(1)(i). Upon our examination of the pleadings and affidavits, however, we conclude that the motion was improperly granted.

Under section 48(3), the court has the discretion to decide conflicting claims on the basis of proper pleadings, supporting affidavits and

counteraffidavits, and the evidence offered by the parties where, as here, no jury issue or demand is involved. (See Ill. Rev. Stat. 1979, ch. 110, par. 48(3); *Greenstein v. Nogle* (1972), 5 Ill. App. 3d 594, 599.) Upon hearing the motion the court may resolve genuine questions of material facts rather than simply determine whether such questions exist. *North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 410.

In these proceedings the section 48 movant offered to present testimonial evidence but did not do so when the third-party petitioner objected. Nevertheless, the court could not decide the disputed issues on the basis of affidavits alone. They do not afford a sufficient factual basis for the court to determine whether there was a lease or a contract of sale. The court cannot weigh the conflicting affidavits. (*Greenstein v. Nogle* (1972), 5 Ill. App. 3d 594, 599; *Komel v. Commonwealth Edison Co.* (1977), 56 Ill. App. 3d 967, 973; *Emerson v. La Salle National Bank* (1976), 40 Ill. App. 3d 794, 797.) The only undisputed facts in the affidavits are that money was deposited by the Musas in a joint tenancy savings account controlled by Glen Musa and his mother; that the mother contributed nothing to the account; that certain improvements were made on the residence and that Mrs. Vogel withdrew approximately $10,000 from the joint account some time after the couple had separated. The cost and extent of improvements to the marital residence and the source of payment of property taxes were circumstances material to the ultimate determination of whether the oral agreement was for a sale or lease. (*Cf. Exchange National Bank v. Heller* (1975), 26 Ill. App. 3d 675, 682; *E-Z Livin' Mobile Sales, Inc. v. Van Zanen* (1976), 26 Ariz. App. 363, 365, 548 P.2d 1175, 1177; 51C C.J.S. *Landlord & Tenant* §202(8) (1968).) The very circumstances stated as to the joint account were also subject to conflicting inferences. These were factual matters that could only have been decided after an evidentiary hearing.

Since the trial court did not hold an evidentiary hearing, we reverse and remand the judgment dismissing the petition, with directions either to hear other proofs bearing upon the material facts or to deny the motion without prejudice to the right of third-party respondent to raise the subject matter by answer and proceed to trial. See *Hoefferle v. Hoefferle Truck Sales, Inc.* (1978), 57 Ill. App. 3d 40, 44; *Mastroianni v. Curtis* (1979), 78 Ill. App. 3d 97, 101.

Reversed and remanded with directions.

REINHARD and NASH, JJ., concur.