ARTHUR P. ETTEN, Plaintiff-Appellant, v. MICHAEL P. LANE *et al.*, Defendants-Appellees.

Fifth District   No. 5—85—0187

Opinion filed November 8, 1985.

Arthur P. Etten, of Danville, for appellant, *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Patricia Rosen, Assistant Attorney General, both of Chicago, of counsel), for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Arthur Etten, appeals from an order of the circuit court of Clinton County involuntarily dismissing his *pro se* complaint for *mandamus* pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619). We reverse and remand with directions.

Plaintiff is an inmate at the Centralia Correctional Center serving a 25 to 75 year prison term for murder. On August 27, 1984, plaintiff was given a parole eligibility hearing by the Prisoner Review Board (hereinafter referred to as the Board). Parole was denied by the Board, *en banc*, on August 29, 1984. Approximately six months later, plaintiff filed his complaint for *mandamus* alleging: (1) that the Board failed to comply with its own rules governing *en banc* proceedings because one of its members did not participate in the disposition of plaintiff's case; (2) that plaintiff had requested, but had been denied, complete access to the files of the Department of Corrections (his "master file") and the files of the Board (his "Board file") used by the Board in making its parole determination; and (3) that those files contained erroneous information prejudicial to plaintiff's parole eligibility.

Plaintiff's complaint named as defendants Michael Lane, director of the Department of Corrections, and Paul Klincar, chairman of the Board. The complaint requested that defendants be compelled to permit plaintiff to inspect and copy all documents about him contained in his master file and Board file, that defendants be ordered to expunge from these respective files any documents about him found to be erroneous, and that he be granted a rehearing on his parole eligibility. Defendants moved for involuntary dismissal under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619). A hearing on that motion was held before the circuit court on February 28, 1984, at the conclusion of which defendants' motion was granted, and the case was dismissed. The sole issue on this appeal is whether the circuit court acted properly in dismissing that portion of plaintiff's *mandamus* complaint requesting full disclosure of all documents in his master file and Board file.

*Mandamus* is not a writ of right, but an extraordinary remedy. (*Kramer v. City of Chicago* (1978), 58 Ill. App. 3d 592, 598, 374 N.E.2d 932, 938.) It is issued as an exercise of judicial discretion only where the plaintiff can demonstrate a clear right to the relief requested. (*Walter v. Board of Education* (1982), 93 Ill. 2d 101, 105, 442 N.E.2d 870, 872.) Where an administrative official or board has arbitrarily failed to act, *mandamus* will lie to compel performance of a

duty which the plaintiff is entitled to have performed. (*Walter v. Board of Education* (1982), 93 Ill. 2d 101, 105, 442 N.E.2d 870, 872.) Accordingly, the Illinois supreme court has specifically held that a writ of *mandamus* may issue in an appropriate case to compel parole officers to comply with their own rules. *People ex rel. Johnson v. Pate* (1970), 47 Ill. 2d 172, 177, 265 N.E.2d 144, 147-48, *cert. denied* (1971), 402 U.S. 976, 29 L. Ed. 141, 91 S. Ct. 1679.

Plaintiff here claims a clear right of access to his files under authority of Board Rule IV-C, which provides: "A parole candidate shall have access to all documents which the Board considers in determining parole or setting a release date." Defendants, for their part, argue that plaintiff has in fact already been granted full access to all such documents. At trial they argued in the alternative, that any documents withheld from plaintiff are exempt from disclosure under the Freedom of Information Act (Ill. Rev. Stat., 1984 Supp., ch. 116, par. 201 *et seq.*). On appeal they contend that any such documents are covered by the terms of a prior consent judgment, the release requirements of which plaintiff has failed to satisfy, or were not in fact prejudicial to the outcome of plaintiff's parole hearing.

■ As a preliminary matter, we note that defendants' claim regarding the alleged effects of the prior consent judgment is not properly before this court. Defendants made no mention whatever of this claim before the circuit court and offered no evidence to support it. That defendants appended a copy of the consent judgment to their brief is of no consequence. Attachments to briefs not otherwise of record are not properly before the reviewing court and cannot be used to supplement the record. *Tomlen Group, Ltd. v. Goldfarb* (1981), 101 Ill. App. 3d 154, 157, 427 N.E.2d 1047, 1049.

■ There is also no merit to defendants' suggestion to the trial court that Freedom of Information Act exemptions preclude access by plaintiff to otherwise disclosable documents considered by the Board in passing on plaintiff's parole eligibility. As one federal court has observed, the terms of Board Rule IV-C are clear, mandatory, and without qualification. (*Walker v. Prisoner Review Board* (7th Cir. 1982), 694 F.2d 499, 503.) Under the plain language of the rule, the Board *must* grant an inmate access to *all* documents it considers in deciding whether or not to grant him parole. The ruling contains no exception for withholding documents pursuant to the Freedom of Information Act or for any other reason.

Defendants' contention that nondisclosure of documents can be excused on the grounds that consideration of those documents did not prejudice plaintiff's parole prospects must similarly fail. The unequivo-

cal language of Board Rule IV-C does not permit any distinction to be drawn regarding document disclosure based on the effects of those documents on the Board's final decision to grant or deny parole. Consideration of nonprejudicial documents by the Board may not entitle plaintiff to a new parole hearing, but that is not the question before us. This appeal is concerned solely with plaintiff's right of access. We repeat that if the Board considers a document in passing on plaintiff's parole eligibility, Board Rule IV-C grants plaintiff a clear right to review it.

■ Given that neither the prior consent judgment, the Freedom of Information Act, nor the alleged absence of prejudice diminish plaintiff's right to review the documents considered by the Board in denying him parole, the only question remaining is whether the circuit court was otherwise justified on the facts before it in refusing to compel compliance with Board Rule IV-C and involuntarily dismissing plaintiff's case. Where, as here, a defendant moves for involuntary dismissal under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par 2—619), no jury issue or demand is involved, and genuine disputed questions of fact are present, the court has two options: it may deny the motion without prejudice to the right to raise the subject matter of the motion by answer (*Mastroianni v. Curtis* (1979), 78 Ill. App. 3d 97, 101, 397 N.E.2d 56, 59), or it may hear and determine the merits of the dispute based upon the pleadings, affidavits, counteraffidavits, and other evidence offered by the parties. (*In re Marriage of Musa* (1982), 103 Ill. App. 3d 189, 192-93, 430 N.E.2d 727, 730.) When the latter course is taken, as was done in this case, our duty on appeal is to review not only the law, but also the facts, and to reverse the circuit court's order if it is clearly against the manifest weight of the evidence. *Chapman v. Huttenlocher* (1970), 125 Ill. App. 2d 39, 47, 259 N.E.2d 836, 840.

In reviewing the circuit court's order here, some explanation of the nature of the files sought by plaintiff must first be given. Plaintiff, as already stated, seeks access to both his Board file and his master file. The present record indicates that a parole candidate's Board file consists of those documents considered by the Board during the candidate's parole hearing. Because of their use by the Board at these hearings, all Board file documents fall squarely within the mandatory disclosure requirements of Board Rule IV-C.

Board file documents are apparently furnished to the Board by defendant Department of Corrections from a parole candidate's master record file, referred to by the parties as the "master file." A parole candidate's master file, maintained by the Department of Correc-

tions, is a much broader base of information. The contents of this file, defined by section 3—5—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1003—5—1), include such matters as information from the committing court, evaluation and assignment reports and recommendations, reports of disciplinary infractions and dispositions, and other pertinent data concerning a candidate's background, conduct, associations, and family relationships. Pursuant to section 3—3—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1003—3—4(c)), members of the Board are granted access at all times to the documents about a parole candidate contained in this file. In passing on a candidate's eligibility for parole, the Board may thus consider not only his Board file, but also anything or everything in his master file. To the extent that any such documents are in fact considered by a Board member in passing on a candidate's parole eligibility, they too must be disclosed under Board Rule IV-C.

In his *mandamus* complaint, plaintiff alleges that the Board here did review both his Board file and master file in determining his parole eligibility, but that numerous documents were removed from these files before plaintiff was allowed to see them. By way of example he submitted two documents, obtained in an earlier judicial proceeding, which he claimed were reviewed by the Board in denying him parole, but which the Board would not disclose to him. Plaintiff claimed that both illustrative documents contained erroneous information, and he submitted an affidavit stating that he was questioned about these documents at his parole hearing. Plaintiff also claimed that he personally observed documents being removed from his files. According to plaintiff, "They took the papers out right in front of me. *** Took them out of the jacket and gave the folder to me absent the papers they removed."

In support of their motion to dismiss, defendants submitted an affidavit from legal counsel for the Board indicating that neither of the two specific documents cited by plaintiff was from the Board's files. Defendants also offered a second affidavit by the Board's legal counsel, to which was attached a transcript of plaintiff's parole hearing, asserting that plaintiff was not questioned about these documents at the hearing. Defendants offered no further evidence of any kind. The circuit court's hearing was limited to recitations by the trial judge of passages from various pleadings in the record, and to certain questions from the judge to defendants' attorney and the plaintiff clarifying the parties' respective positions. No witnesses were sworn; no testimony was adduced.

■ In view of this limited record, the circuit court's involuntary

dismissal of plaintiff's case was clearly against the manifest weight of the evidence. For the purposes of a section 2—619 motion (Ill. Rev. Stat. 1983, ch. 110, par. 2—619), well-pleaded facts in the complaint, together with all reasonable inferences, must be taken as true. (*Bowers Manufacturing Co. v. Chicago Machine Tool Co.* (1983), 117 Ill. App. 3d 226, 229, 453 N.E.2d 61, 64.) In evaluating defendants' motion, the trial court should therefore have presumed the truth of plaintiff's complaint for *mandamus* that both his Board and master files were reviewed by the Board in determining plaintiff's eligibility for parole, and that numerous documents from these files were in fact withheld from him.

The pleadings and evidence submitted by defendants did not refute this presumption. Defendants never specifically denied that they withheld documents considered by the Board in refusing to grant parole to plaintiff. To the contrary, a memorandum filed by defendants in support of their motion to dismiss plainly admits: "The Plaintiff in the present case has had those documents removed [from his files] by the parole board in its discretion that could be misunderstood by him ***." Defendants' evidence is not even dispositive with respect to the specific documents plaintiff has thus far been able to identify. The affidavit of defendants' legal counsel suggests, though it never states directly, that these documents were not considered by the Board during plaintiff's parole hearing. The same affidavit, however, clearly differentiates between consideration of documents by the Board at the parole hearing proper and consideration of documents by the Board generally in determining parole eligibility. Significantly, defendants nowhere deny that the two specific documents were in fact considered by the Board at *some* stage in the determination of plaintiff's parole eligibility. We hold that such consideration is all that is necessary to trigger mandatory disclosure under Board Rule IV-C.

■ Defendants' evidence regarding the two specific documents and their alleged use at plaintiff's parole hearing is not dispositive for another reason. As we have already noted, the only evidence on the point consists of conflicting affidavits, one of which has a copy of the hearing transcript attached to it. Defendants' affidavits indicate that plaintiff was not questioned on the documents. Plaintiff's counteraffidavit states that he was. The circuit court apparently believed defendants' affidavits to be more probative than plaintiff's, but this is improper. On a motion to dismiss under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) the trial court cannot weigh conflicting affidavits. (*In re Marriage of Musa* (1982), 103 Ill. App. 3d 189, 193, 430 N.E.2d 727, 730.) Where con-

flicting affidavits are presented to the trial court, the court has a duty either to hear other proof bearing on the material facts, or to deny the motion without prejudice to the right of defendants to raise the subject matter thereof by answer. (*Hoefferle v. Hoefferle Truck Sales, Inc.* (1978), 57 Ill. App. 3d 40, 44, 372 N.E.2d 1004, 1007.) Neither of these alternatives was followed here.

For the reasons set forth above, we reverse the order of the circuit court granting defendants' motion to dismiss this cause, and we remand the cause to the circuit court with directions to either hear proper proof on the motion of defendants to dismiss under section 2—619 or, alternatively, to deny defendants' motion without prejudice to the right of defendants to raise the subject matter of that motion by answer for final determination at trial.

Reversed and remanded with directions.

WELCH and KARNS, JJ., concur.