**BURRS, Appellee,**

**v.**

**BURRS; Compass Transportation, Inc. et al., Appellants.**

[Cite as *Burrs v. Burrs* (1991), 66 Ohio App.3d 628.]

Court of Appeals of Ohio,
Montgomery County.

No. 12373.

Decided June 25, 1991.

*Joyce Rollert,* for appellee.

*Michael V. Lewis,* for appellants.

FAIN, Presiding Judge.

Defendant-appellant, G.D. Leasing, Inc., appeals from a judgment of the trial court holding it in contempt for failure to notify the Montgomery County Bureau of Support of a pending lump-sum distribution, in accordance with R.C. 3113.21(D)(1)(b), fining G.D. Leasing $250, which fine was suspended, and ordering G.D. Leasing to pay the total amount of the arrearage in child support and alimony, in the amount of $2,596.52, plus poundage. G.D. Leasing contends that the trial court erred when it held that it was not required to find, beyond reasonable doubt, that G.D. Leasing intended to violate its order. We conclude that the essential facts necessary to support the trial court's judgment were stipulated, so that any error in the trial court's understanding of the proper burden of proof was harmless. Accordingly, the judgment of the trial court is affirmed.

## I

Defendant Damien Burrs was obligated to pay both child support and alimony to plaintiff-appellee, Linda Burrs. G.D. Leasing was Mr. Burrs's employer. It has stipulated that it received a withholding order from the Montgomery County Domestic Relations Court, in which it was ordered to withhold $198.90 per week from Mr. Burrs's earnings. It was also ordered, in accordance with R.C. 3113.21(D)(1)(b), to notify the Montgomery County Support Enforcement Agency within ten days of Mr. Burrs's becoming eligible for any lump-sum payments of $500 or more. Furthermore, it was ordered to hold any lump-sum payments for thirty days, pending court direction as to disbursement of those payments.

It has been stipulated that G.D. Leasing received this order to withhold, that it paid Mr. Burrs a lump-sum payment in the amount of $8,032.18 on June 21, 1989, a year after its receipt of the withholding order, that G.D. Leasing failed to notify the Montgomery County Support Enforcement Agency of the pending lump-sum payment, and that the child support and alimony arrearages as of June 21, 1989, the date of the lump-sum payment, totalled $2,596.52.

Mrs. Burrs moved for an order holding G.D. Leasing in contempt. After hearing, the trial court found G.D. Leasing to be in contempt, fined it $250,

but suspended the fine, and ordered it to pay the Montgomery County Support Enforcement Agency the sum of $2,596.52, plus poundage. From this judgment, G.D. Leasing appeals.

## II

G.D. Leasing's sole assignment of error is as follows:

"Where, in a proceeding for contempt of court, the sanction against the contemnor is to punish the contemnor for a past violation of a court order, a trial court errs in holding that it is a civil proceeding and that proof of intent on the part of the contemnor is not required."

G.D. Leasing contends that the contempt proceeding against it was criminal, rather than civil in nature. Therefore, it contends that an essential element of proof beyond reasonable doubt was G.D. Leasing's intent to violate the trial court's order, and that there was a failure of proof on this issue. There was testimony that the corporate officer who approved the lump-sum payment to Mr. Burrs, from the profit-sharing trust, was not aware of the existence of the withholding order. There was also testimony that steps were taken, following the contempt motion in this case, to ensure that the corporate officer approving payments from the profit-sharing trust fund would, in the future, be made aware of the existence of withholding orders.

In *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 140, 15 OBR 285, 288, 472 N.E.2d 1085, 1089, a case cited by G.D. Leasing, it was held that:

"The absence of willfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of non-compliance."

As G.D. Leasing notes, the order of the trial court in the case before us that it pay the amount of the child support an alimony arrearage, $2,596.52, through the Montgomery County Support Enforcement Agency, is designed to compensate Mrs. Burrs for G.D. Leasing's breach of its obligation, imposed by the trial court's order pursuant to statute, to protect Mrs. Burrs with respect to any lump-sum payments over $500 to be paid to Mr. Burrs. Therefore, that part of the trial court's order would appear to be in the nature of a civil contempt, requiring a lower standard of proof. The $250 fine imposed (but suspended) would appear, however, to be in the nature of a criminal contempt, since, as G.D. Leasing argues, it is neither intended to coerce future compliance nor to compensate Mrs. Burrs for G.D. Leasing's past failure to comply.

G.D. Leasing relies upon R.C. 3113.21(H)(1)(d), which provides as follows:

"If an employer knowingly fails to notify the child support enforcement agency in accordance with division (D) of this section of any lump-sum payment to be made to an obligor, the employer is liable for any support payment not made to the obligee as a result of its knowing failure to give the notice as required by that division."

G.D. Leasing relies upon the words "knowingly" and "knowing" in support of its argument that it must be proved that G.D. Leasing intended to violate the court's order. We disagree.

The obligation to notify the support enforcement agency, pursuant to R.C. 3113.21(D)(1)(b), encompasses not only lump-sum payments by the employer, but also encompasses payments by others that the obligor is receiving or is eligible to receive as a benefit of employment or as a result of the obligor's termination of employment, including, but not limited to, unemployment compensation, workers' compensation benefits, severance pay, sick leave, lump-sum payments of retirement benefits or contributions, and bonuses or profit-sharing payments or distributions. Thus, the statutory obligation to notify the support enforcement agency of pending lump-sum payments encompasses payments to the employee by third parties, other than the employer. These could include payments from insurance companies or government agencies, for example, resulting from the employee/obligor terminating his employment. There is nothing in R.C. 3113.21(D)(1)(b) to restrict the employer's obligation to notify the support enforcement agency to those lump-sum payments of which it has knowledge. Therefore, the use of the words "knowingly" and "knowing" in R.C. 3113.21(H)(1)(d) is presumably intended to avoid the imposition of liability upon the employer as a result of its failure to notify a support enforcement agency of lump-sum payments that may be paid by third parties to its employee, as a result of the termination of his employment, of which the employer has no knowledge. The employer cannot reasonably claim that it has no knowledge of payments that it will make, itself, to its employee.

In the case before us, G.D. Leasing has stipulated that it paid Mr. Burrs a lump-sum payment of $8,032.19.

 Essentially, G.D. Leasing is contending that its right hand did not know what its left hand was doing. We conclude that this defense is not available to it, at least in this situation. There are many advantages to the corporate form of organization. One disadvantage is the risk that one or more officers of the corporation may take actions that are inconsistent with actions by, or knowledge of, other officers of the corporation. This subject is dealt with in R.C. 2901.23(A), which provides as follows:

"An organization may be convicted of an offense under any of the following ·circumstances:

"(1) The offense is a minor misdemeanor committed by an officer, agent, or employee of the organization acting in its behalf and within the scope of his office or employment, except that if the section defining the offense designates the officers, agents, or employees for whose conduct the organization is accountable or the circumstances under which it is accountable, such provisions shall apply.

"(2) A purpose to impose organizational liability plainly appears in the section defining the offense and the offense is committed by an officer, agent, or employee of the organization acting in its behalf and within the scope of his office or employment, except that if the section defining the offense designates the officers, agents, or employees for whose conduct the organization is accountable or the circumstances under which it is accountable, such provisions shall apply.

"(3) The offense consists of an omission to discharge a specific duty imposed by law on the organization.

"(4) If, acting with the kind of culpability otherwise required for the commission of the offense, its commission was authorized, requested, commanded, tolerated, or performed by the board of directors, trustees, partners, or by a high managerial officer, agent, or employee acting in behalf of the organization and within the scope of his office or employment."

We conclude that G.D. Leasing's "offense" was an omission; it omitted to notify the support enforcement agency in accordance with its duty to do so pursuant to the order of the trial court and R.C. 3113.21(D)(1)(b). For an *omission* to act, R.C. 2901.23(A)(3) applies. For obvious reasons, the mental state of no particular corporate officer is relevant, since, in the case of an omission to act, no particular corporate officer or officers are involved. Furthermore, the penal consequences of an omission to act are generally much less severe than the penal consequences attached to affirmative violations of law. Therefore, the General Assembly dispensed with any particular culpability state for an offense consisting of an omission to discharge a specific duty imposed by law upon a corporate organization.

█ We conclude that the trial court was only required to find, beyond reasonable doubt (at least with respect to the fine imposed), that G.D. Leasing received the order to withhold that directed it to notify the Montgomery County Support Enforcement Agency of any pending lump-sum distributions in excess of $500, that it failed to notify the Montgomery County Support Enforcement Agency of a pending lump-sum distribution, that it made a lump-

sum distribution in excess of $500, and that, at the time that it made the lump-sum distribution, there were existing child support and alimony arrearages. All of these facts were stipulated. Therefore, any error in the trial court's understanding of the applicability of the reasonable doubt standard of proof is harmless, since all of the facts essential to the imposition of liability were stipulated.

G.D. Leasing's sole assignment of error is overruled.

*Judgment affirmed.*

WOLFF and GRADY, JJ., concur.