FOURTH DIVISION

No. 1-09-1789

| | | |
|---|---|---|
| *In re* MARRIAGE OF RONALD G. VAUGHN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner, | ) | Cook County |
| | ) | |
| and | ) | No.  06 D3 30886 |
| | ) | |
| JILL K. VAUGHN, | ) | Honorable |
| | ) | Samuel J. Betar III, |
| Respondent and Third-Party Petitioner-Appellant | ) | Judge Presiding. |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| (Blue Cross Blue Shield of Illinois, | ) | |
| | ) | |
| Third-Party Respondent-Appellee). | ) | |
| | ) | |

JUSTICE GALLAGHER delivered the opinion of the court:

Respondent and third-party petitioner,[1] Jill K. Vaughn (Jill), filed a complaint against third-party respondent, Blue Cross Blue Shield of Illinois (Blue Cross), for its failure to comply with the Income Withholding for Support Act (the Withholding Act) (750 ILCS 28/1 *et seq.* (West 2006)).  Pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-

---

[1] The Withholding Act provides that an obligee may bring a civil action against the payor to collect the Withholding Act's penalty.  750 ILCS 28/35(a) (West 2006).  Thus, since Jill joined this civil action with her dissolution of marriage proceeding, Jill is properly referred to as a third-party petitioner, and Blue Cross is properly referred to as a third-party respondent.  See 735 ILCS 5/2-406 (West 2006).

619(a)(9) (West 2006)), the trial court involuntarily dismissed Jill's complaint because it found that Jill failed to prove that Blue Cross knowingly violated the Withholding Act. On appeal, Jill contends that: (1) because Blue Cross remits payments to a sole proprietorship, it is a "payor" under the statute and is required to comply with the income withholding notice it received; (2) the complaint was improperly dismissed because the arguments and affidavits submitted by Blue Cross do not constitute a basis for dismissal on a section 2-619 motion; and (3) Blue Cross is subject to mandatory penalties for its failure to comply with the Withholding Act. For the following reasons, we reverse and remand for further proceedings.

BACKGROUND

On April 24, 2008, a uniform order of support was entered in the underlying dissolution of marriage action requiring petitioner, Dr. Ronald G. Vaughn (Ronald), to pay Jill unallocated family support and medical insurance premiums for the couple's minor children. Ronald operates a chiropractic business under the name of Vaughn Chiropractic and Athletic Performance Center (Vaughn Center). Ronald is a Blue Cross preferred provider and is listed under the Blue Cross provider finder as "Dr. Ronald G. Vaughn." Blue Cross pays a portion of the medical expenses incurred by its insureds to the provider groups or individual providers who provide covered services. On a weekly basis, Blue Cross remits payments for the services Ronald provides to its insureds via an electronic funds transfer account that was established in 2006.

On May 1, 2008, pursuant to the Withholding Act, Jill sent Blue Cross an income withholding notice that required Blue Cross to withhold and pay over the unallocated support

payments that Ronald owes Jill. Blue Cross responded to the withholding notice by stating, in part: "Please be aware we do not become involved in personal cases and are not allowed to set up this type of convenience for the provider." Jill sent Blue Cross another withholding notice, a copy of the order of support, and a copy of the relevant portion of the Withholding Act. She also informed Blue Cross that she would pursue the Withholding Act's statutory penalties if Blue Cross continued to disregard its duty to comply with the withholding notice. Blue Cross again responded that it was "not allowed to set up this type of convenience for the provider."

On September 29, 2008, Jill filed a complaint to enforce statutory penalties against Blue Cross for its failure to comply with the Withholding Act. In response, Blue Cross filed a section 2-619 motion for involuntary dismissal. Blue Cross moved to dismiss Jill's complaint because it alleged that it did not pay income to Ronald. Alternatively, Blue Cross moved to dismiss Jill's complaint because it alleged that it did not knowingly violate the Withholding Act. Blue Cross further elaborated that although it received withholding notices that required it to withhold and pay over the income it paid to Ronald, it had "no reason to believe [that] it should withhold and remit" the income that it paid to Vaughn Center. Blue Cross attached an affidavit and exhibits to its motion which showed that Blue Cross made its fund transfers payable to Vaughn Center for Ronald's treatment of Blue Cross's insureds.

Jill responded to Blue Cross's motion by submitting an affidavit from Ronald. In his affidavit, Ronald stated that he operates Vaughn Center as a sole proprietorship and that Vaughn Center is a pseudonym under which he does business. Ronald also stated that Blue Cross transmits the payments directed to Vaughn Center into his personal checking account.

On February 20, 2009, the trial court granted Blue Cross's section 2-619 motion for involuntary dismissal. The trial court's order does not clearly identify the basis on which it granted Blue Cross's section 2-619 motion. However, the trial court stated at the conclusion of the hearing on the section 2-619 motion that it found that Jill "failed to show that the respondent, [*sic*] Blue Cross-Blue Shield, knowingly failed to comply with" the Withholding Act. Moreover, the trial court pointed out that Blue Cross's exhibits showed that Blue Cross wrote checks to Vaughn Center, and Jill did not present credible evidence that Blue Cross "had knowledge that the funds that they were transferring were going to an individual who was [a] child support obligor." Jill then filed a motion to reconsider, and the motion was denied. This appeal follows.

ANALYSIS

I. Interpretation of the Word "Individual" in the Withholding Act's Definition of "Income"

As an initial matter, the parties disagree on whether Blue Cross is subject to the Withholding Act. Although it is not clear from the record, because the trial court addressed whether Blue Cross knowingly violated the Withholding Act, it presumably first found that Blue Cross is Ronald's payor and thus subject to the Withholding Act's requirements. However, because a determination of whether the word "individual" in the Withholding Act includes a sole proprietorship is a question of law, our standard of review is *de novo*, and we do not give the trial court's interpretation any deference. See *Ryan v. Board of Trustees of the General Assembly Retirement System*, 236 Ill. 2d 315, 319, 924 N.E.2d 970, 973 (2010).

Courts should enforce an unambiguous statute as it is written. *E.g., Ryan*, 236 Ill. 2d at 319, 924 N.E.2d at 973. The Withholding Act requires a payor, upon receipt of an income

withholding notice, to deduct support payments from the income that the payor pays to an obligor. 750 ILCS 28/35(a) (West 2006). The payor must then transmit the withheld amount to the State Disbursement Unit within seven business days after the date that the amount would have been paid to the obligor. 750 ILCS 28/35(a) (West 2006). Ronald is undisputedly an obligor. However, the parties dispute whether Blue Cross is Ronald's payor.

The Withholding Act defines a "payor" as "any payor of income to an obligor." 750 ILCS 28/15(g) (West 2006). Thus, in order for Blue Cross to be a "payor," it must pay Ronald "income." The Withholding Act defines "income," in pertinent part, as "any form of periodic payment to an individual, regardless of source." 750 ILCS 28/15(d) (West 2006). Blue Cross argues that it does not pay Ronald income because it pays Vaughn Center. Blue Cross further contends that Vaughn Center is not an "individual" under the Withholding Act's definitions of "income" and "obligor." However, the affidavit submitted by Ronald establishes that Ronald is a sole proprietor and Vaughn Center is a legal nonentity. "[A] sole proprietorship has no legal identity separate from that of the individual who owns it." *Vernon v. Schuster*, 179 Ill. 2d 338, 347, 688 N.E.2d 1172, 1176-77 (1997). Moreover, even if a sole proprietor does business under a fictitious name, the sole proprietor has not created a separate legal entity. *Vernon*, 179 Ill. 2d at 347-48, 688 N.E.2d at 1176-77. Thus, the word "individual" in the Withholding Act's definition of "income" includes a sole proprietorship. See *Shively v. Belleville Township High School District No. 201*, 329 Ill. App. 3d 1156, 1165-66, 769 N.E.2d 1062, 1070 (2002) (interpreting "individuals" in the School Code's professional services exemption (105 ILCS 5/10-20.21(a)(i) (West 2006)) to refer "to the ones performing the service, not the ones with whom the contract is

made" because, if "individuals" referred to the latter, sole proprietorships, but not corporations, would fall under the exemption).

Blue Cross also argues that the income it pays to Vaughn Center belongs to its insureds, not Ronald, and if it complied with the income withholding notice it could be sued by its payee (Vaughn Center) and/or its insureds. This argument has no merit. First, the income Blue Cross pays to Vaughn Center does not belong to its insureds. It is payment made to Ronald for covered services he has provided to Blue Cross's insureds. Second, if Blue Cross complied with the withholding notice, it would be paying the same amount of income for the same services but would merely be sending a portion of that income to the State Disbursement Unit. If an employer receives a withholding notice and withholds a portion of an employee's salary, that employee cannot claim that he was not paid his full salary just because some of it was withheld pursuant to a court order. As for Blue Cross's insureds, there is no reason that they would even be aware that a portion of the money paid to Ronald was sent to the State Disbursement Unit. An explanation of benefits statement sent to an insured would simply show the amount covered and the amount paid to the provider. Consequently, because Blue Cross pays Vaughn Center income, it was required to comply with the withholding notice that it received from Jill.

## II. The Section 2-619 Motion

Next, Jill argues that the trial court improperly dismissed her complaint against Blue Cross pursuant to Blue Cross's section 2-619 motion. Although it is not entirely clear, the trial court essentially read Blue Cross's motion to involuntarily dismiss Jill's complaint as arguing that even if Blue Cross was paying Ronald, it did not knowingly violate the statute because it did

6

not know that it was paying Ronald.

"A motion for involuntary dismissal under section 2-619 admits the legal sufficiency of the plaintiff's claim but asserts 'affirmative matter' outside of the pleading that defeats the claim." *Czarobski v. Lata*, 227 Ill. 2d 364, 369, 882 N.E.2d 536, 539 (2008). "The phrase 'affirmative matter' encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action." *Kedzie & 103rd Currency Exchange*, *Inc. v. Hodge*, 156 Ill. 2d 112, 115, 619 N.E.2d 732, 735 (1993). However, "where the affirmative matter is merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint, section 2-619(a)(9) should not be used." *A.F.P. Enterprises, Inc. v. Crescent Pork, Inc.*, 243 Ill. App. 3d 905, 912, 611 N.E.2d 619, 624 (1993).

The trial court must resolve any factual disputes in a complaint that is brought against a payor under the Withholding Act. 750 ILCS 28/50(a) (West 2006). On a section 2-619 motion, when there is no right to a jury trial in the action, "the court may, in its discretion, decide questions of fact upon the hearing of the motion." *Crescent Pork, Inc.*, 243 Ill. App. 3d 905, 913, 611 N.E.2d 619, 624 (1993); 735 ILCS 5/2-619(c) (West 2006). However, in deciding the motion's merits, "a trial court cannot determine disputed factual issues solely upon affidavits and counteraffidavits. If the affidavits present disputed facts, the parties must be afforded the opportunity to have an evidentiary hearing." *Crescent Pork, Inc.*, 243 Ill. App. 3d 905, 913, 611 N.E.2d 619, 624 (1993); 735 ILCS 5/2-619(c) (West 2006). Alternatively, the trial court "may deny the motion without prejudice to the right to raise the subject matter of the motion by answer." *Etten v. Lane*, 138 Ill. App. 3d 439, 443, 485 N.E.2d 1177, 1180 (1985). When the

trial court chooses to decide the disputed factual matter that was presented in conflicting affidavits on the section 2-619 motion, and holds an evidentiary hearing to do so, "our duty on appeal is to review not only the law, but also the facts, and to reverse the circuit court's order if it is clearly against the manifest weight of the evidence." *Etten*, 138 Ill. App. 3d at 443, 485 N.E.2d 1177, 1180. However, if the trial court dismisses the cause of action on the pleadings and affidavits, as was the case here, our duty on appeal is to determine "whether there is a genuine issue of material fact and whether the defendant is entitled to judgment as a matter of law." 4 Ill. L. & Prac. *Civil Practice Before Trial* § 41.9 (2d ed. 2009); *In re Marriage of Musa*, 103 Ill. App. 3d 189, 193, 430 N.E.2d 727, 730 (1982).

At the conclusion of the arguments of counsel on the motion to involuntarily dismiss, the trial court stated that it found that "petitioner [*sic*] has failed to show that the respondent, [*sic*] Blue Cross-Blue Shield, knowingly failed to comply with" the Withholding Act. Further elaborating on its ruling, the trial court pointed out that Blue Cross's exhibits showed that Blue Cross wrote checks to Vaughn Center, and Jill did not present credible evidence that Blue Cross "had knowledge that the funds that they were transferring were going to an individual who was [a] child support obligor."

Blue Cross submitted an affidavit stating that it made payments to Vaughn Center. Jill then submitted an affidavit from Ronald stating that the payments from Blue Cross were directly deposited into Ronald's personal checking account. We agree with Jill that if this dispute had been properly before it, and if this fact was material, the trial court should not have granted a section 2-619 motion where the counteraffidavits raised a factual dispute and no evidentiary

hearing was held to resolve this dispute.[2] However, Blue Cross's argument that it did not knowingly violate the Withholding Act cannot properly be raised in a section 2-619 motion for two separate reasons.

First, even if Blue Cross did not knowingly violate the Withholding Act, an unknowing violation is not an affirmative matter but merely a negation of an essential element of Jill's cause of action against Blue Cross under the Withholding Act. See 750 ILCS 28/35(a) (West 2006); *Hodge*, 156 Ill. 2d at 115, 619 N.E.2d at 735. Thus, Blue Cross's alleged unknowing violation of the Withholding Act could not be the basis of its section 2-619 motion for involuntary dismissal. See *Hodge*, 156 Ill. 2d at 115, 619 N.E.2d at 735.

Second, as a matter of law, the argument that Blue Cross did not knowingly violate the Withholding Act because it did not know that it was paying Ronald is not a valid defense to this action. See 750 ILCS 28/35(a) (West 2006). The Withholding Act imposes a penalty on a payor "[i]f the payor knowingly fails to withhold the amount designated in the income withholding notice or to pay any amount withheld to the State Disbursement Unit." 750 ILCS 28/35(a) (West 2006). However, "knowingly" refers to a payor's omissions that occur after the payor receives a withholding notice and presumably recognizes that it pays income to the individual. 750 ILCS 28/35(a) (West 2006); compare *Thomas v. Diener*, 351 Ill. App. 3d 645, 656, 814 N.E.2d 187, 196 (2004) (holding that an employer who was "cognizant" of forwarding the child support payments within the required time period but for two "innocent" oversights, did not knowingly

_____

[2]We further note that once Jill submitted Ronald's affidavit, Blue Cross definitively knew it was paying a sole proprietor.

violate the Act), with *In re Marriage of Miller*, 227 Ill. 2d. 185, 202, 879 N.E.2d 292, 302 (2007); *In re Marriage of Gulla*, 382 Ill. App. 3d 498, 503, 888 N.E.2d 585, 589 (2008) (holding that employers knowingly violated the Act where they essentially disregarded the withholding notices that they received).

In other words, the Withholding Act's penalty provision assumes that a withholding notice is served on an actual payor and that the payor realizes that it pays income to the individual designated in the notice. See *Dunahee v. Chenoa Welding & Fabrication, Inc.*, 273 Ill. App. 3d 201, 208, 652 N.E.2d 438, 444 (1995) (stating that a prior version of the Withholding Act's legislative history indicates that the Withholding Act's penalty applies "only where the employer *knew* it was withholding a child support payment from" the obligee (emphasis in original)). Thus, the Withholding Act assumes that a payor realizes whom it is paying, and its penalty provision simply addresses whether a payor should be penalized if the payor recklessly or negligently does not then withhold the designated amount or pay over the withheld amount. See 750 ILCS 28/35(a) (West 2006); *Thomas*, 351 Ill. App. 3d at 656, 814 N.E.2d at 196. Therefore, even if a payor does not realize that its payee is in fact the obligor named in the notice, that fact would not provide a valid defense that would exempt it from the Withholding Act's penalty provision. See 750 ILCS 28/35(a) (West 2006); see also *Burrs v. Burrs*, 66 Ohio App. 3d 628, 632, 585 N.E.2d 918, 920 (1991) (holding that the words "knowing" and "knowingly" in a statutory provision that imposed liability on employers if they knowingly failed to notify a child support enforcement agency of any lump-sum payment made to an employee did not allow an employer to defend on the basis of its lack of knowledge of a lump-sum payment it made to its

own employee). In sum, "knowingly" does not refer to knowledge of a payee's existence or identity, or whether the notice recipient believes it is a "payor" as defined in the Wihholding Act. "Knowingly" refers to a knowing failure to comply with the withholding notice.

Blue Cross received a withholding notice that was properly completed and sent according to the Withholding Act's provisions. However, instead of complying with the notice or filing a declaratory judgment action to challenge its identification as a payor in the underlying case, Blue Cross sent a response to Jill in which it stated that it is "not allowed to set up this type of convenience for the provider." This is analogous to the employers in *Miller*, 227 Ill. 2d at 202, 879 N.E.2d at 302, and *Gulla*, 382 Ill. App. 3d at 503, 888 N.E.2d at 589, who disregarded the withholding notices they received. Blue Cross cannot avoid the Withholding Act by merely stating that it is not allowed to offer a "convenience" to a provider when it is required by statute to do so and has received proper notice. Thus, because whether Blue Cross knew it was paying the obligor is not a valid defense to this action, the trial court erroneously granted Blue Cross's motion to dismiss. Finally, we note that the statutory penalty for a knowing violation of the Withholding Act is mandatory, not discretionary. See *Miller*, 227 Ill. 2d 185, 879 N.E.2d 292 (reversing the appellate court for remanding the case to the trial court to determine a less severe penalty).

CONCLUSION

For the foregoing reasons, we hold that Blue Cross is a payor and is subject to the Withholding Act. Moreover, because an unknowing violation is not an affirmative matter and because "knowingly" in the statute does not refer to whether or not Blue Cross knew it was a

1-09-1789

payor, the trial court erred in granting Blue Cross's section 2-619 motion. We remand this case

for further proceedings consistent with this opinion.

Reversed and remanded.

NEVILLE, J., concurs. O'BRIEN, J., specially concurs.

JUSTICE O'BRIEN, specially concurring:

"What a tangled web we weave..."

This case could have been resolved with a phone call between the attorneys. The attorney for Blue Cross-Blue Shield said at oral arguments they would have paid the sums if the notice had been properly entitled; the Withholding Act provides that either party could have petitioned the court to do that.

A phone call and agreed order could have solved this problem. Instead, countless hours and dollars were spent on this case.

Very disheartening.

I concur on the law and the result and am disheartened at the use of the courts in this manner.

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each case)

_____

*In re* MARRIAGE OF RONALD G. VAUGHN,

        Petitioner,

and

JILL K. VAUGHN,

        Respondent and Third-Party Petitioner-Appellant

v.

(Blue Cross Blue Shield of Illinois,

        Third-Party Respondent-Appellee).

_____

No. 1-09-1789

Appellate Court of Illinois
First District, Fourth Division

August 12, 2010

_____

JUSTICE GALLAGHER delivered the opinion of the court.

NEVILLE, J., concurs.

O'BRIEN, J., specially concurs.

_____

Appeal from the Circuit Court of Cook County.

Honorable Samuel J. Betar III, Judge Presiding.

_____

For APPELLANT, Ann C. Brady, Palatine, IL and Jerome Marvin Kaplan, Chicago, IL (Ann C.

Brady, Jerome Marvin Kaplan, of counsel).

For APPELLEE, Pugh, Jones, Johnson & Quandt, P.C., Chicago, IL (Kathleen R. Pasulka-Brown, of counsel).