2024 IL App (1st) 232211-U
Order filed: June 13, 2024

FIRST DISTRICT
FOURTH DIVISION

No. 1-23-2211

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| EARTHMED, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | No. 2021 L 011104 |
| | ) | |
| EDWARD BERLIN and BERLIN, | ) | |
| STRICKER & ASSOCIATES, LTD., | ) | Honorable |
| | ) | Ronald F. Bartkowicz, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court dismissed plaintiff's complaint as untimely under the two-year statute of limitations and five-year statute of repose set forth in section 13-214.2 of the Code of Civil Procedure. We reversed and remanded because there was a question of fact as to whether those limitations and repose periods applied to the facts of this case.

¶ 2    On December 15, 2022, plaintiff, EarthMed, LLC, brought a complaint for negligence and negligent misrepresentation against defendants, Edward Berlin (Berlin) and the accounting firm of Berlin, Stricker and Associates, Ltd. (BSA) related to their alleged failure to process payroll

accurately and correctly for plaintiff. The circuit court dismissed the complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)), finding that it was untimely under the two-year statute of limitations and five-year statute of repose set forth at section 13-214.2 of the Code (*Id.* § 13-214.2). Section 13-214.2 applies to actions alleging the negligent performance of professional services by persons registered or licensed under the Illinois Public Accounting Act (225 ILCS 450/0.01 (West 2022)). Plaintiff filed a motion to reconsider, which the court denied. On appeal, plaintiff argues for reversal of the order denying its motion to reconsider the dismissal order because there is a question of fact as to whether defendants are registered or licensed under the Illinois Public Accounting Act and, thus, whether section 13-214.2's limitations and repose periods are applicable here. We reverse the denial of the motion to reconsider and remand for further proceedings.

¶ 3    The following recitation of facts is taken from plaintiff's complaint.

¶ 4    Plaintiff is a limited liability company operating two cannabis dispensaries in Illinois. Plaintiff is owned by Gus Koukoutsakis and Michael Perez. BSA is an accounting firm offering bookkeeping and other financial services, such as payroll processing, which includes calculating employee total wage earnings and overtime payments, withholding deductions, preparing W2s and delivering payments. Berlin is an owner of BSA.

¶ 5    Perez and Koukoutsakis were introduced to Berlin in 2010. Berlin represented that he was knowledgeable about state and federal requirements regarding the calculation of employee wages, payroll taxes, and deductions and that his company, BSA, utilized a proprietary software to process payroll correctly and accurately. In 2015, Perez and Koukoutsakis hired BSA (by and through Berlin) to provide payroll services for plaintiff using their proprietary software.

¶ 6 Perez and Koukoutsakis asked Berlin whether plaintiff was required to pay overtime to its employees. Berlin informed them that because plaintiff employed less than 20 persons, it was "exempt from overtime requirements." Perez followed up by sending Berlin an email asking how to pay overtime. Berlin responded that "it was at [plaintiff's] discretion as to how to pay overtime wages." In reliance on these statements, plaintiff paid overtime at the employees' straight hourly rate for all hours worked.

¶ 7 On December 11, 2019, a former employee of plaintiff filed a class action complaint in federal court alleging plaintiff's method of making overtime payments had violated several state and federal statutes from February 1, 2016, onwards. Plaintiff did not know about the overtime-payment requirements set forth in those statutes until served with the class action lawsuit. Plaintiff filed its appearance in the class action matter on February 19, 2020.

¶ 8 In November 2021, plaintiff entered into a settlement agreement to resolve the class action lawsuit, whereby plaintiff agreed to pay all past-due overtime payments, plus penalties and attorney fees in the total amount of $614,449.84. The federal district judge entered final approval of the settlement agreement on June 22, 2022.

¶ 9 In count I of its complaint, plaintiff alleged that defendants negligently breached their duty of care by failing to correctly and accurately process payroll for plaintiff's employees entitled to overtime pay. In count II, plaintiff alleged that Berlin made several negligent misrepresentations that induced plaintiff to make overtime payments that were not in accordance with state and federal statutes. Plaintiff sought damages in the amount of $614,449.84, which it paid to settle the federal class action lawsuit brought as a result of its failure to make the requisite statutory overtime payments.

¶ 10   Defendants brought a section 2-619 motion to dismiss, arguing that plaintiff's complaint was barred by the two-year statute of limitations set forth in section 13-214.2(a). Section 13-214.2(a) states:

"(a) Actions based upon tort, contract or otherwise against any person, partnership or corporation registered pursuant to the Illinois Public Accounting Act, as amended, or any of its employees, partners, members, officers or shareholders, for an act or omission in the performance of professional services shall be commenced within 2 years from the time the person bringing an action knew or should reasonably have known of such act or omission." 735 ILCS 5/13-214.2(a) (West 2022).

¶ 11   Defendants argued that at some point between December 11, 2019 (when the class action suit was filed) and February 19, 2020 (when plaintiff filed its appearance in the class action suit), plaintiff knew, or reasonably should have known, of defendants' negligent processing of the payroll for its employees who were owed overtime wages. Such knowledge occurred nearly three years before the commencement of plaintiff's action on December 15, 2022. Thus, plaintiff's complaint fell outside the applicable two-year limitations period.

¶ 12   Defendants further argued that plaintiff's complaint was barred by the five-year statute of repose set forth in section 13-214.2(b), which states:

"In no event shall such action be brought more than 5 years after the date on which occurred the act or omission alleged in such action to have been the cause of the injury to the person bringing such action against a public accountant." *Id.* § 13-214.2(b).

¶ 13   Defendants contended that the act causing the injury occurred in November 2015 when they began improperly processing payroll for plaintiff's employees owed overtime wages, thereby

triggering the repose period that expired five years later in November 2020. Plaintiff's complaint, filed in December 2022, fell outside the repose period.

¶ 14    Plaintiff filed a response to the motion to dismiss, arguing that the limitations and repose periods set forth in section 13-214.2 only apply to actions for the negligent performance of professional services brought against public accountants registered or licensed pursuant to the Illinois Public Accounting Act. The Illinois Public Accounting Act, in turn, requires that such registration or licenses be issued by the Illinois Department of Financial and Professional Regulation (IDFPR). See 225 ILCS 450/0.03 (West 2022). Plaintiff contended that neither defendant was registered or licensed with the IDFPR and, as such, that section 13-214.2's limitations and repose periods were inapplicable to plaintiff's complaint brought against them. In support, plaintiff attached a printout of the IDFPR website's "search for license" tool, showing all licensed certified public accountants (CPAs) in Illinois with the last name Berlin. Neither Edward Berlin nor BSA were listed as licensed accountants.

¶ 15    Defendants filed a reply in support of the dismissal motion and attached the affidavit of Ronald Stricker, who attested that he and Berlin were partners in the accounting firm of BSA, and that the firm was properly registered pursuant to the Illinois Public Accounting Act. As such, defendants argued that section 13-214.2's two-year limitations period and five-year repose period applied to plaintiff's complaint.

¶ 16    On April 28, 2023, the circuit court granted defendants' motion to dismiss, finding that section 13-214.2's limitations and repose periods applied here and that plaintiff's complaint was not timely filed.

¶ 17    Plaintiff filed a motion to reconsider, arguing that newly discovered evidence confirmed that there are no records of any licenses or registrations held by Berlin or BSA under the Illinois

Public Accounting Act and therefore that section 13-214.2's limitations and repose periods are inapplicable here. In support, plaintiff attached the IDFPR's new written response to plaintiff's Freedom of Information Act (FOIA) request,[1] which sought copies of all records of any applications submitted by, and records of any registrations or licenses held by, Berlin or BSA under the Illinois Public Accounting Act. The IDFPR responded: "The request regarding Mr. Berlin and Berlin, Stricker and Assoc. is denied. After a reasonable search the Department was unable to locate responsive records."

¶ 18    The circuit court denied plaintiff's motion to reconsider. Plaintiff appeals, arguing that the circuit court should have granted its motion to reconsider the dismissal order because a question of fact exists as to whether defendants are registered or licensed accountants and, thus, whether section 13-214.2's limitations and repose periods are applicable here.

¶ 19    A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters appearing on the face of the complaint or established by external submissions that act to defeat the claim. *Burns v. Department of Insurance*, 2013 IL App (1st) 122449, ¶ 9. When ruling on a section 2-619 motion to dismiss, the circuit court may consider pleadings, depositions, affidavits and other forms of competent evidence (*Id.*; *Lavite v. Dunstan*, 2016 IL App (5th) 150401, ¶ 37). The court should grant the section 2-619 dismissal motion if, after construing the documents supporting the motion in the light most favorable to the opponent, it finds no disputed issues of fact and concludes that the affirmative matter completely

---

[1] Defendants make no argument that the IDFPR's response to the FOIA request was not newly discovered or that it should not have been considered by the circuit court.

negates plaintiff's cause of action or refutes critical conclusions of law or conclusions of material, unsupported fact. *Turner v. 1212 S. Michigan Partnership*, 355 Ill. App. 3d 885, 892 (2005).

¶ 20    The treatment of a section 2-619 motion differs depending on whether a jury demand has been filed. *Id.*, 355 Ill. App. 3d 885, 892 (2005). Where a jury demand has been filed, a dispute of material fact must be left to the jury. *Id.* In the absence of a jury demand, the court may determine disputed factual issues by conducting an evidentiary hearing. *In re Marriage of Vaughn*, 403 Ill. App. 3d 830, 836 (2010); 735 ILCS 5/2-619(c) (West 2022). Where the court grants a section 2-619 motion to dismiss following an evidentiary hearing, we review whether the court's factual findings are against the manifest weight of the evidence and we review questions of law *de novo*. *Offord v. Fitness Intern, L.L.C.*, 2015 IL App (1st) 150879, ¶ 15.

¶ 21    In the instant case, the record on appeal is unclear as to whether a jury trial was demanded. The record is clear, though, that the court dismissed the complaint without holding an evidentiary hearing. Where, as here, the court dismisses the complaint without holding an evidentiary hearing, our duty is to determine whether a genuine issue of material fact exists precluding the dismissal or, in the absence of such an issue of material fact, whether dismissal is proper as a matter of law. *Vaughn*, 403 Ill. App. 3d at 836. Our review is *de novo*. *Burns*, 2013 IL App (1st) 122449, ¶ 9.

¶ 22    The purpose of a motion to reconsider is to bring to the circuit court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of the law. *Peregrine Financial Group, Inc. v. TradeMaven L.L.C.*, 391 Ill. App. 3d 309, 320 (2009). When reviewing an order disposing of a motion to reconsider based on the court's alleged misapplication of existing law, the standard of review is *de novo*. *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 36. When reviewing an order disposing of a motion to reconsider based on new evidence, our standard of review is abuse of discretion. *Id.* As the motion to reconsider in the

present case was based on new evidence (the IDFPR's response to the FOIA request) indicating that section 13-214.2's limitations and repose periods were inapplicable here, we review the denial of the motion for an abuse of discretion.

¶ 23     We begin our analysis by examining section 13-214.2. Our primary goal in construing a statute is to ascertain and effectuate the legislative intent. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 15. The most reliable indicator of legislative intent is the plain language of the statute itself, which must be given its plain and ordinary meaning. *Id.* Here, the plain language of section 13-214.2(a) reveals that the limitations and repose periods set forth therein apply to complaints for the negligent performance of professional services by persons and partnerships "registered pursuant to the Illinois Public Accounting Act." 735 ILCS 5/13-214.2 (West 2022). To be a registered accountant under the Illinois Public Accounting Act, one must "hold[] a license or registration issued by the [IDFPR]." 225 ILCS 450/0.03 (West 2022).

¶ 24     The relevant issue here is whether defendants were registered or licensed pursuant to the Illinois Public Accounting Act (*i.e.*, whether they held a registration or license issued by the IDFPR) such that the limitations and repose periods set forth in section 13-214.2 applied to plaintiff's complaint against them. Defendants point to the affidavit filed by Ronald Stricker, who attested that BSA was an accounting firm properly registered pursuant to the Illinois Public Accounting Act and that Berlin was a member and partner thereof. By contrast, plaintiff points to the printout of the IDFPR website's "search for a license tool" attached to its response to the motion to dismiss, indicating that neither Berlin nor BSA was listed as licensed accountants. Plaintiff also points to the IDFPR's response to its FOIA request, attached to the motion to reconsider, indicating that the IDFPR was unable to locate any records that either Berlin or BSA was registered or licensed.

¶ 25 This conflicting evidence between Stricker's affidavit on the one hand, and the IDFPR website printout and response to the FOIA request on the other, raises a question of fact as to whether defendants were registered or licensed with the IDFPR under the Illinois Public Accounting Act as required in order for the limitations and repose periods set forth in section 13-214.2 to be applicable to plaintiff's complaint against them. Given this question of fact, the circuit court erred in granting the section 2-619 dismissal and it abused its discretion when it denied plaintiff's motion to reconsider.

¶ 26 For all the foregoing reasons, we reverse the order denying plaintiff's motion to reconsider the dismissal order and remand for further proceedings. If a jury trial has been demanded in this case, defendants may raise the statutes of limitation and repose as affirmative defenses. If no jury trial has been demanded, the court may decide the dismissal motion after conducting an evidentiary hearing under section 2-619(c).

¶ 27 As a result of our disposition of this case, we need not address the other arguments on appeal.

¶ 28 Reversed and remanded.